THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THE
NATIONAL ASSOCIATION OF CERTIFIED PUBLIC ACCOUNTANTS,
Respondent.

First Department, January 12, 1923..

Corporations — foreign corporation — action by Attorney-General under
Civil Practice Act, §§ 1217 and 1218, to restrain foreign corporation
from holding examination for certified public accountants and from
issuing certificates based upon examination — acts of defendant con-
stitute violation of General Business Law, §§ 80-82 — policy of State
is to confer on Regents of University of State of New York exclusive
control of issuance of certificates to certified public accountants —
defendant may be restrained under Civil Practice Act, § 1218, though
act is misdemeanor — temporary injunction granted under Civil
Practice Act, § 1218.

A foreign corporation, which holds in this State examinations of applicants for
the degree of certified public accountant and issues certificates based upon
examinations which purport to authorize the holders thereof to practice within
this State as certified public accountants and to be styled and known as the
same and to assume such title and to use the abbreviations of C. P. A. or
C. P. A. (N. A.), violates sections 80-82 of the General Business Law pro-
viding for the examination of accountants and the issuance of certificates to
certified public accountants under the authority of the Regents of the Univer-
sity of the State of New York.

The Regents alone have authority to confer the degree of certified public accountant,
and it is the policy of the State of New York to confer upon them exclusive control
of educational diplomas, degrees or certificates, as shown by sections 51 and
66 of the Education Law.

Accordingly, an action against said foreign corporation to restrain it from con-
ducting examinations for certified public accountants and issuing certificates
to successful applicants may be maintained by the Attorney-General under
section 1217 of the Civil Practice Act, which gives him power to maintain an
action against a foreign corporation which exercises within the State any
corporate rights, privileges or franchises in a manner contrary to the public
policy of the State, and the defendant may be perpetually restrained, under
section 1218 of the Civil Practice Act, from the commission or continuance
of the act or acts complained of though the commission of said acts constitutes
a misdemeanor under section 82 of the General Business Law.

Likewise a temporary injunction may be issued under section 1218 of the Civil
Practice Act to restrain the commission or continuance of the acts complained
of, upon proof by affidavit that the defendant has violated any of the provisions
of section 1217 of the Civil Practice Act.

The affidavits presented by the Attorney-General leave no doubt that the defendant
was acting and threatened to continue to act in violation of the provisions
of the General Business Law, and, therefore, his application for a temporary
injunction should have been granted.

APPEAL by the plaintiff, The People of the State of New York,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county

of New York on the 20th day of April, 1922, as resettled by an order entered in said clerk's office on the 11th day of July, 1922, denying plaintiff's motion for a temporary injunction restraining the defendant, a foreign corporation, from holding examinations in the State of New York to qualify persons to practice as certified public accountants in the State of New York.

*Charles D. Newton,* Attorney-General [*Robert P. Beyer,* Deputy Attorney-General, of counsel], for the appellant.

*Blandy, Mooney & Shipman* [*Terence Farley* of counsel], for the respondent.

*White & Case* [*James Adam Murphy* of counsel], attorneys for The New York State Society of Certified Public Accountants, *amicus curiæ.*

MERRELL, J.:

From the affidavits presented upon the application for a temporary injunction it appeared that the defendant, respondent, was conducting and was about to conduct examinations of applicants for the degree of certified public accountant at the office maintained by the said defendant, at 63 Fifth avenue, city of New York; that after successfully passing such examinations there were issued to the candidates by the defendant, diplomas conferring upon the candidates the degree of certified public accountant and purporting to qualify the candidates receiving such diplomas and degree with all the honors, rights and privileges thereto appertaining. The ground upon which the court at Special Term denied plaintiff's application was that the court might not by injunction restrain a violation of law, for which violation the statute provided a penalty.

The action is brought by the Attorney-General in behalf of the People of the State of New York to obtain an injunction permanently enjoining and restraining the defendant, its officers, agents and servants from holding any examination in the State of New York, and particularly an examination which, it was alleged in the complaint, the defendant threatened to hold at 63 Fifth avenue in the Broaker Building, New York city, on the 13th and 14th days of April, 1922, inclusive, and permanently enjoining and restraining the defendant from the issuance of certificates based upon any examinations, or from otherwise in any manner pretending to authorize such persons so examined, or otherwise becoming members of the defendant, to practice within this State as such certified public accountants, and to be styled and known as certified public accountants, and to assume such title and

19

use of the abbreviations C. P. A. or C. P. A. (N. A.), and any other words, letters or figures to indicate that the persons so examined, certified or becoming members of the defendant are certified public accountants.

In the prayer for relief in plaintiff's complaint a temporary injunction is asked enjoining and restraining the defendant, its officers, agents and servants from holding such examination, or from authorizing such persons, so examined or otherwise becoming members of the defendant, to practice within this State as certified public accountants, and from assuming such title and use of the aforesaid abbreviations, " C. P. A." or " C. P. A. (N. A.)," during · the pendency of the action.

Section 80 of the General Business Law (as amd. by Laws of 1913, chap. 443) and section 81 of that statute provide as follows:

" § 80. Certified public accountants. Any citizen of the United States, or person who has duly declared his intention of becoming such citizen, residing or having a place for the regular transaction of business in the State, being over the age of twenty-one years and of good moral character, and who shall have received from the Regents of the University a certificate of his qualifications to practice as a public expert accountant as hereinafter provided, shall be styled and known as a certified public accountant; and no other person shall assume such title, or use the abbreviation C. P. A. or any other words, letters, or figures, to indicate that the person using the same is such certified public accountant. Any citizen of the United States who has practiced three years as a certified public accountant in another State, under a license or a certificate of his qualifications to so practice, issued by the proper authorities of such State, may, upon payment of the regular fee, in the discretion of the Regents of the University, receive a certificate to practice as a certified public accountant without an examination. But he must possess the qualifications required by the rules of the Regents of the University and must furnish satisfactory evidence of character and qualifications.

" § 81. Regents to make rules. The Regents of the University shall make rules for the examination of persons applying for certificates under this article, and may appoint a board of three examiners for the purpose, which board shall be composed of certified public accountants. The Regents shall charge for examination and certificate such fee as may be necessary to meet the actual expenses of such examinations, and they shall report, annually, their receipts and expenses under the provisions of this article to the State Comptroller, and pay the balance of receipts over expenditures to the State Treasurer. The Regents may revoke

any such certificate for sufficient cause after written notice to the holder thereof and a hearing thereon."

By section 82 of the same law a violation of article 8, wherein these sections are contained, is made a misdemeanor.

It is entirely clear from sections 80 and 81 of the General Business Law above quoted, that no person may hold himself out as a certified public accountant, or use the abbreviation " C. P. A." or any other words, letters or figures to indicate that the person using the same is a certified public accountant, except upon the authorization of the Regents of the University of the State of New York. To the Regents of the University alone is given authority to confer such degree. Section 51 of the Education Law (as amd. by Laws of 1917, chap. 357) vests the Board of Regents with authority to supervise the entrance regulations and to issue certificates to public accountants, and only upon the Regents conferring such degree is a person authorized to assume the title of certified public accountant.

Another evidence that it is the policy of the State of New York to confer upon the Regents exclusive control of the issuance of educational diplomas, degrees or certificates, is found in section 66 of the Education Law. That statute expressly prohibits any person, institution or corporation from granting any diploma, degree or certificate, and makes the granting of the same a misdemeanor, unless authorized by the Regents of the University.

In the answer of the defendant herein it is alleged that, among the purposes for which the defendant was formed, was the purpose " * * * to provide for the admission of members; and when said members shall have presented satisfactory evidence of knowledge in the theory and practice of accounting, and shall have satisfactorily passed the prescribed qualifying examination of the Association, to admit said members to the degree of certified public accountant, and to issue to such members the Association's formal certificate to that degree pertaining * * *."

The moving affidavits clearly show, and the defendant does not deny, that it was conducting, and threatened to conduct, within the State of New York, at its office 63 Fifth avenue, New York city, examinations of candidates for the degree of certified public accountant. Such activities on the part of the defendant were clearly antagonistic to the well-defined policy of our educational system, in so far as they related to the certification of public accountants. It is clear that the defendant is carrying on, and threatens to carry on, in the State of New York, a business contrary to the public policy of this State. The defendant exercised, and threatens to continue to exercise, its corporate franchise and

functions within the State of New York contrary to the public policy of the State and without authority of law.

Under the provisions of section 1217 of the Civil Practice Act it is provided as follows: " The Attorney-General may maintain an action upon his own information or upon the complaint of a private person, 1. Against one or more persons who act as a corporation within the State without being duly incorporated; or exercises within the State any corporate rights, privileges or franchises not granted to them by the law of the State. 2. Against a foreign corporation which exercises within the State any corporate rights, privileges or franchises not granted to it by the law of this State; or which within the State has violated any provision of law, or, contrary to law, has done or omitted any act or has exercised a privilege or franchise not conferred upon it by the law of this State, where, in a similar case, a domestic corporation in accordance with section one hundred and thirty-one of the General Corporation Law, would be liable to an action to vacate its charter and to annul its existence; *or which exercises within the State any corporate rights, privileges or franchises in a manner contrary to the public policy of the State.*"

By section 1218 of the Civil Practice Act it is provided that, in an action brought as prescribed in section 1217 of said act, a final judgment in favor of the plaintiff must perpetually restrain the defendant or defendants from the commission or continuance of the act or acts complained of. The same section (1218) provides that a temporary injunction to restrain the commission or continuance of an unlawful act may be granted upon proof by affidavit that the defendant or defendants have violated any of the provisions of such section 1217.

There is not the slightest doubt that under the statute above quoted a foreign corporation will be restrained from transacting a business in this State contrary to and in violation of the laws of the State. The affidavits upon the application at Special Term leave no doubt that the defendant was acting, and threatened to continue to act, in violation of the provisions of the General Business Law hereinabove quoted.

I am of the opinion that the court at Special Term erred in denying plaintiff's application for an injunction *pendente lite,* and that the order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.