## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — BOROUGH OF MANHATTAN — PART I.

### April 12, 1923.

## THE PEOPLE v. HERMAN MARLOWE.

(1) GENERAL BUSINESS LAW, § 80—UNLAWFUL ASSUMPTION OF TITLE, CERTIFIED PUBLIC ACCOUNTANT.

The use of the degree or title of Certified Public Accountant is prohibited and made a crime unless the person making such use thereof has met certain requirements established by law.

(2) SAME.

To the Regents of the University alone is given authority to confer such degree, and only upon the Regents conferring such degree is a person authorized to assume the title of Certified Public Accountant.

(3) SAME.

The fact that such degree had been conferred on defendant by the National Association of Certified Public Accountants does not entitle him to hold himself out to the public as a public expert accountant in the State of New York.

Before Hons. JOHN J. FRESCHI, Presiding Justice; JAMES J. McINERNEY and ARTHUR C. SALMON, Justices.

Appearances:

*Blandy, Mooney & Shipman,* 38 Pine Street, New York, for the defendant.

*Joab H. Banton, Esq., District Attorney* (by *Mr. Max Solomon,* of counsel), and *H. Ely Goldsmith, Esq., Amicus Curia,* for the People.

FRESCHI, J.:

By agreement with defendant's counsel, the District Attorney has filed a superseding information accusing the defendant of violating section 80 of the General Business Law of the State of New York, in that he unlawfully assumed the title Certified Public Accountant, without having received from the Regents of the University of the State of New York a certificate of his qualifications to practice as a public expert accountant. Such acts constitute a misdemeanor and are punishable as such.

The facts alleged in the information, and practically conceded to be true by the demurrer filed by the defendant, are that on the 15th of April, 1922, at the City of New York, in the county of New York, defendant committed the acts alleged to constitute the crime charged by causing to be printed in a certain directory, called Donnelly's Red Book, then published and widely distributed in said city and county, under the classification of Accountants, an advertisement in words and figures as follows: "H. Marlowe, Certified Public Accountant (N. A.), Audits, Tax Reports, Systems, Books Opened and Closed, Monthly Audits, Arrangements for firms not employing bookkeepers, 1265-69 Broadway, Tel. Penn. 3160."

The information furthermore alleges that the defendant was a member of the National Association of Certified Public Accountants, which is a membership corporation organized and existing under and by virtue of the laws of the District of Columbia, the constitution and by-laws of which corporation are annexed to and made part of the information; that on the 3d day of September, 1921, the defendant was duly admitted to membership therein and complied with said by-laws, whereupon he received a certificate of membership from said corporation in accordance with article 8 of the by-laws, which reads as follows: "Certificates. When and in the event that an applicant for membership in this association has been certified by the board of examiners to the board of governors that he has satisfactorily passed the qualifying examinations of this

29

association as to proficiency in and knowledge of the principles and practice of professional accounting and regarding his qualifications to practice as public accountant, and has complied with all the other requirements of the association and has been formally passed upon and approved by the board of governors and accepted as a member, such applicant so certified and accepted as a member, shall be entitled to receive, and there shall be delivered to him, this association's certificate admitting the said applicant to the degree of Certified Public Accountant. Every member of this association in good standing therein, shall be entitled to receive, and there shall be conferred upon him the aforementioned degree "; that the National Association of Certified Public Accountants has a membership of over 3,000, and it is a corporation which is very well known to the accountants throughout the State of New York and the various States of the Union; that the defendant has not applied to, nor has he received any certificate from the Regents of the University of the State of New York as provided by section 80 of the General Business Law; that the defendant without any intention of violating this latter statute used the abbreviation C. P. A. (N. A.) to indicate that he was a member of the corporation aforesaid.

It appears from paragraph 3 of the article of incorporation of the association, that the purpose for which said corporation was formed was to " bring together in one common union certified public accountants who are now or hereafter have been engaged in the practice of professional accounting; also those who by virtue of education, personal endowments, technical training and experience, are qualified to perform the duties pertaining to professional accounting; to provide for the admission of members; and when said members shall have presented satisfactory evidence of knowledge in the theory and practice of accounting and shall have passed the prescribed qualifying examination of the association, to admit said members to the degree of Certified Public Accountant, and to issue

to such members the association's formal certificate to that degree pertaining; to safeguard the rightful professional interests and promote the friendly and social and public relations of the members of this corporation, and to do all else incident, appurtenant and germane to the purposes and objects of this corporation."

The demurrer filed necessitates a decision as to whether the defendant can lawfully employ and use in the State of New York the title or degree of Certified Public Accountant, or its abbreviation, C. P. A., with the initials N. A., that stand for the same. Counsel on both sides have agreed that the plain intendment of this statute is, and I hold, that the use of the degree or title of Certified Public Accountant, or C. P. A., is prohibited and made a crime unless the person making such use thereof has met certain requirements established by law. (See People v. National Association of Certified Public Accountants, 204 App. Div. 288; s. c., 197 N. Y. Supp. 775.)

The learned counsel for the defendant advances two contentions here, first, that while the use of the title C. P. A.; or Certified Public Accountant, by any person who has not been qualified by the New York State authorities is unlawful and punishable as a misdemeanor, no crime is committed when this title, degree or abbreviation thereof has appended thereto the words or letters (in this case N. A.) to designate that the National Association of Public Accountants has conferred upon him authority to use such title or degree; in other words, he asserts that no illegal act, violative of our General Business Law, is committed by the use of words or letters connoting that the certified public accountant in question is not such by virtue of any law or authority of the State of New York. Secondly, that the statute in question is unconstitutional because it is not such legislation as properly comes before the police power of the State.

On the last contention, I should say that the statute is not an arbitrary exercise of power by the State, but is legislation.

" in the public interest and for the general welfare ";. and I believe, as was held under a similar statute in the State of Louisiana (see State of La. v. de Verges, Supreme Court of Louisiana, Feb. 26, 1923, by Dawkins, J., not yet reported, and cases there cited; see also Lehmann v. State Board of Public Accountancy et al., Supreme Court of State of Alabama, 3 Div. 567, Oct., 1921-22, and cases cited by Thomas, J., in dissenting opinion), that the Legislature unquestionably had and has the power to regulate the highly skilled and technical profession of public accountant in the measure which it did. In the Louisiana case it was alleged that the defendant de Verges had practiced as an accountant and used the abbreviation C. P. A. without having obtained a certificate as such under the laws of that State. The defendant demurred to the bill of information upon the ground, in part, that the act was special legislation, regulating labor and discriminating against all except certain persons of a given class, and giving to such persons arbitrary power, permitting them to collect fees for their own benefit, which are not paid into the State treasury; and that it deprived the defendant of his liberty without due process of law. Mr. Justice Richard A. Dowling, of the Criminal District Court, parish of Orleans, La., sustained the demurrer, which decision was reversed on appeal, the court writing: " It is important to note that the law does not purport to prevent or punish the practicing of accountancy without license or certificate from the board, but only the holding of one's self out to the public as possessing the certificate which it is authorized to issue under the provisions of the act, the practicing as a certified public accountant and the using of the abbreviation ' C. P. A.,' or similar letters of designation to deceive the public into believing that the person so acting is a certified public accountant under the law, without first undergoing the examination by the State Board of Accountants, as required by said statute and otherwise complying therewith. In other words, anyone is at liberty to practice as an account-

ant, notwithstanding this law, so long as he does not represent himself to be a certified public accountant, as defined thereby, or use the abbreviation ' C. P. A.,' or similar letters or device to indicate that he is a certified public accountant.   It is true that neither morals, health, or safety of anyone is jeopardized by the practicing of this profession, however incompetent a person may be, but the power of the State in matters of this sort is not confined to professions involving such consequences. It may also act, whenever the general welfare requires to protect the public, in the skilled trades and professions against ignorance, incompetence, and fraud."

Public accountancy is a well-recognized profession, the practice of which in the State of New York is not made dependent upon the issuance of any license; nor is any special qualification required by law so to do.   The matter of the accountant's proficiency rests entirely with the judgment of those who engage or hire his services.   But the Legislature of this State has enacted the amendment to the General Business Law that a certified public accountant, before practicing in the State of New York as a public expert accountant, or assuming the title as such, shall receive from the Board of Regents of the University of the State a certification of his right to engage in such practice as a certified public accountant, entitling him to be known as such; and in this statute the Regents of the University of the State of New York are authorized to make rules, conduct examinations, etc.

The National Association of Certified Public Accountants is a private membership corporation organized in the District of Columbia pursuant to federal laws.   While this court cannot judicially notice the statutory laws under which this association was created in order to ascertain its right and authority to confer titles and degrees, yet we are bound to note that an action was brought by the United States attorney for the District of Columbia for an injunction against the National Association of Certified Public Accountants upon the claim that

the association has acted *ultra vires* in issuing the certificates
of the titles and degrees herein referred to, and that a perma-
nent injunction was granted in the Supreme Court of the Dis-
trict of Columbia prohibiting the further issuing of degrees on
that ground.    (See U. S. v. National Association of Certified
Public Accountants, Supreme Court, District of Columbia, in
Equity, Hoeling, J., July 20, 1922.)    And, if such an organ-
ization were to establish an agency, as a foreign corporation,
within the bounds of the State of New York for the transaction
of business in connection with the holding of examinations and
conferring degrees, it would be held accountable for a violation
of the Educational Law.    (See People of the State of New York
v. National Association of C. P. A., supra; see also decision of
Wagner, J., N. Y. Supreme Court, New York County, Special
Term, Part III, March 28, 1923, granting a permanent injunc-
tion in the premises.)

The decision of the Appellate Division of the Supreme Court
of the State of New York (People v. National Association of
Certified Public Accountants, supra) is important.    That was
an action for an injunction to restrain said corporation from
holding examinations in this State in violation of the provisions
of sections 80 and 81 of the General Business Law.    Mr. Jus-
tice Merrill, writing for the court, said: " The moving affidavits
clearly show, and the defendant does not deny, that it was
conducting and threatening to conduct within the State of New
York, at its office No. 63 Fifth Avenue, New York City, exam-
inations of candidates for the degree of Certified Public Ac-
countant.    Such activities on the part of the defendant were
clearly antagonistic to the well-defined policy of our educa-
tional system in so far as they relate to the certification of pub-
lic accountants.    It is clear that the defendant respondent was
carrying on and threatens to carry on in the State of New York
a business contrary to the public policy of this State."    The
court also stated: " It is entirely clear from sections 80-81 of
the General Business Law, above quoted, that no person may

hold himself out as a certified public accountant, or use the abbreviation C. P. A., or any other word, letters or figures, to indicate that the person using the same is a certified public accountant, except upon the authorization of the Regents of the University of the State of New York. To the Regents of the University alone is given authority to confer such degree. Section 51 of the Educational Law of the State of New York vests the Board of Regents with the authority to supervise the entrance regulations and to issue certificates to public accountants, and only upon the Regents conferring such degree is a person authorized to assume the title of Certified Public Accountant. Another evidence that it is the policy of the State of New York to confer upon the Regents exclusive control of the issuance of educational diplomas, degrees or certificates was found in subdivision 3, section 66, of the Educational Law. That statute expressly prohibits any person, institution or corporation from granting any diploma, degree or certificate, and makes the granting of the same a misdemeanor unless authorized by the Regents of the University."

The fact that the degree of Certified Public Accountant has been conferred on the defendant by the association of which he is a member does not, in my opinion, entitle him to hold himself out to the public as a public expert accountant in the State of New York. The use of such a degree, lawfully obtained from any board or other institution outside of this State, is prohibited, unless the requirements of our General Business Law (supra) have been fulfilled. The appending of the name of the association, institution, board or State, after the degree so used or employed by any person, does not take him out of the prohibition of the statute under consideration.

The public policy of the State is to be gleaned from its legislation in other fields of professional endeavor. Under the Public Health Law, for instance, the use of certain degrees, such as Doctor of Medicine, Doctor of Dental Surgery, Veterinarian, and Pharmacist; and also under other statutes, the

titles of Attorney and Counsellor at Law, Certified Shorthand Reporter, etc., are unlawful unless certain prescribed conditions precedent have been met and complied with.

As I view it, the statute affecting certified public accountants in this State was enacted not alone to prevent fraud, but as well to assure the public that persons practicing public accountancy as experts, certified as such, have met our standards of qualifications and tests, fixed by law, or in accordance with the rules and regulations authorized thereunder. To rule otherwise under these circumstances would mean that other States, boards, associations, and institutions could prescribe a course of study, determine their own tests of proficiency of the applicant and then issue a degree to him as a Certified Public Accountant, which, according to the claim of the defendant, would entitle the recipient thereof to come into this State and practice expert public accountancy. I cannot agree with this view which has been urged upon us for our consideration.

The demurrer should be disallowed and permission given to the defendant, at his election, to plead; and upon his failure to appear and plead, then judgment shall be pronounced against him in accordance with the provisions of section 330 of the Code of Criminal Procedure.,

Ordered accordingly.

Mr. Justice SALMON concurs.

Mr. Justice McINERNEY (dissenting) : I vote to sustain the demurrer, dismiss the information and discharge the defendant.