[Civ. No. 3454. Second Appellate District, Division Two.—March 8, 1921.]

## MAUD E. JAYNES, Respondent, v. CHARLES C. WEICK-MAN et al., Appellants.

[1] INJUNCTIONS—NATURE OF—APPEAL—STAY. — An appeal does not stay the operation of a preventive or prohibitory injunction, but does stay the operation of a mandatory injunction.

[2] ID.—RESTRAINT IN USE OF BUSINESS NAME—CHARACTER OF—EFFECT OF AFFIRMATIVE REQUIREMENTS — APPEAL. — An injunction which does not enjoin the defendants from continuing to conduct their business, but does enjoin them from continuing to conduct that business under a particular business name, is prohibitive, and not mandatory, even though such injunction renders certain affirmative acts necessary to be done by the defendants in order to continue the transaction of their business without disobeying its prohibitive provisions, and the operation of such injunction is not stayed by appeal.

APPLICATION for a Writ of Supersedeas, pending appeal from a judgment of the Superior Court of Los Angeles County, and Russ Avery, Judge thereof, to prevent punishment for contempt. Order to show cause discharged.

The facts are stated in the opinion of the court.

A. G. Reily for Appellants.

Collier & Labaree and Walter H. Sprague for Respondent.

FINLAYSON, P. J.—The appellants in this case have asked this court to grant a *supersedeas* pending their appeal from the judgment. Pending the appeal, the superior court undertook to punish appellants for contempt of court. The alleged contempt consisted of appellants' continued use of a certain trade name in violation of the terms of an injunction embodied in the judgment from which the appeal was taken. Appellants filed a petition for a writ of prohibition, but this court, being of the opinion that

---

1. Suspension of injunction pending appeal, notes, 4 **Ann. Cas.** 231; 7 **Ann. Cas.** 41; 38 **L. R. A. (N. S.)** 436.

*supersedeas,* rather than prohibition, is the writ applicable to the case, made an order to show cause why the writ of *supersedeas* should not issue.

The facts pertinent to the inquiry, as disclosed by the judgment-roll, briefly are these: For some time prior to the commencement of the action plaintiff, the respondent on the appeal, had conducted, under the trade name "The Active Transfer Company," the business of transferring, for hire, baggage and luggage from place to place in the city of Los Angeles. The appealing defendants, that is, the defendants other than the telephone company, since some time prior to the action, have been engaged in a similar business in the same city, using in that business the trade name "The Action Transfer Company." That name and other similar descriptive trade names were displayed upon the trucks, stationery, and place of business of the appealing defendants, and likewise in certain display advertisements in the telephone directory of the defendant Southern California Telephone Company, that company having issued its latest telephone directory shortly prior to the entry of the judgment in the action. The superior court found that the trade name adopted and used by the appealing defendants was calculated and intended to and did deceive the patrons of plaintiff and the public in general, and that its use by those defendants had damaged plaintiff's business.

The judgment adjudges and decrees, in substance and effect, that the appealing defendants be perpetually enjoined from advertising and carrying on their business as "The Action Transfer Company," and from using the words "Action Transfer Company" in any manner whatsoever. The judgment likewise decrees that the defendant Southern California Telephone Company change the telephone number that is listed in its telephone directory in connection with the name "The Action Transfer Company." The telephone company has not appealed from the judgment. Since the appealing defendants, the defendants who are asking for the writ of *supersedeas,* are not directed to change the number in the telephone directory, that injunctive part of the decree being directed solely to the telephone company, and since, therefore, the appealing defendants cannot properly be proceeded against for contempt by reason of any failure

of the telephone company to comply with this part of the judgment, it will not be necessary to consider whether a writ of *supersedeas* should issue to stay proceedings thereon. It will be time enough to consider that question when, if ever, the superior court, by contempt proceedings initiated against the telephone company, shall attempt to enforce obedience to this particular part of the decree.

In the contempt proceedings, initiated subsequently to the date when the appealing defendants took their appeal from the judgment and filed the three hundred dollar undertaking in due form, it was made to appear to the superior court, by affidavit, that each of the defendants by whom the appeal has been taken, subsequent to the receipt of notice of entry of the judgment, continued to allow the name "Action Transfer Company" to remain on the trucks and vehicles owned and driven by them, that their place of business is still conducted under the trade name that they always have used, that of "The Action Transfer Company," and that they are carrying on their business without having made any change in their advertisement signs.

The motion for the writ of *supersedeas* is based upon the claim that those parts of the decree that, in effect, enjoin the appealing defendants from continuing to carry on their business under the name "The Action Transfer Company" were stayed by the appeal from the judgment. This claim is based upon that provision of section 949 of the Code of Civil Procedure whereby it is declared that in cases not provided for in sections 942 to 945, inclusive—and this is not one of them—the perfecting of an appeal by giving the three hundred dollar undertaking "stays proceedings in the court below upon the judgment or order appealed from."

[1] It is well settled, indeed conceded, that an appeal does not stay the operation of a preventive or prohibitory injunction. (*Merced Min. Co.* v. *Fremont,* 7 Cal. 130; *Heinlen* v. *Cross,* 63 Cal. 44.) Equally well settled is it that an appeal does stay the operation of a mandatory injunction, i. e., one that compels affirmative action. (*Schwartz* v. *Superior Court,* 111 Cal. 106, [43 Pac. 589]; *Clute* v. *Superior Court,* 155 Cal. 15, [132 Am. St. Rep. 54, 99 Pac. 362].) The reason for this distinction is found

in the inherent nature of an order or decree which merely prohibits or restrains affirmative action. A stay of proceedings from its nature operates only on orders and decrees commanding some acts to be done, for the appeal operates only as a stay of any proceedings that may be had or taken upon the order or decree appealed from, i. e., proceedings to enforce the order or decree. A prohibitive injunction requires no execution for its enforcement. It acts "directly without process upon the defendant." (*Heinlen* v. *Cross, supra; Wolf* v. *Gall,* 174 Cal. 140, [162 Pac. 115].) The effect of a *supersedeas* is to restrain the respondent from taking affirmative action to enforce his decree; it does not authorize the appellant to do what the decree prohibits him from doing. The only effect of an appeal, when perfected, is to stay execution of, i. e., "proceedings upon," the judgment; and if the judgment acts directly upon the defendant without the necessity for any writ of execution or other proceeding for its enforcement, the appeal does not stay its operation.

[2] The injunctive features of the decree under consideration here enjoin the appealing defendants from continuing to do certain things. An order or decree restraining the further continuance of an existing condition does not take on the character of a mandatory injunction merely because it enjoins the defendants from continuing to do the forbidden acts. An injunction that restrains the continuance of an act or series of acts may be just as much a preventive or prohibitory injunction as one that restrains the commission of an act. (*State* v. *Superior Court,* 39 Wash. 115, [109 Am. St. Rep. 867, 4 Ann. Cas. 229, 1 L. R. A. (N. S.) 554, 80 Pac. 1108]; *United Railroads* v. *Superior Court,* 172 Cal. 85–87, [155 Pac. 463], and cases there cited.)

Appellants, contrary to the injunctive inhibitions, are continuing to carry on their business under the proscribed trade name. They are not enjoined from engaging in the transfer business in the city of Los Angeles or elsewhere. What they are enjoined from doing is to use in their business the interdicted trade name. It is true that, in order to carry on their business in a manner conformable to the injunctive features of the judgment, they must remove the forbidden trade name or names from their trucks, from

the entrance to their place of business, and from their display advertising signs; and it also is true that these are affirmative acts. But the affirmative acts necessary to be done by defendants in order to continue the transaction of their business without disobeying the injunctive features of the judgment are but acts that are necessary to effectuate the principal purpose of the injunction, which is to forbid further infringement upon plaintiff's right to the exclusive use of the business name that she had adopted before the defendants entered the field of competition. The injunctive parts of the decree, therefore, only *incidentally* involve the doing of any affirmative act. And not only are the affirmative acts but incidental to the accomplishment of the principal purpose of the injunction, they are acts each one of which is within the power of the defendants lawfully to perform. This feature alone is sufficient to differentiate this from the Schwartz case (111 Cal. 106, [43 Pac. 580]), so much relied on by these appellants in their application for the writ of *supersedeas*.

According to all the definitions, the injunction embodied in the decree is preventive or prohibitive. An injunction which prohibits the infringement of a right adjudged to belong to the plaintiff is not mandatory merely because the defendant may incidentally be compelled to perform some act; and the courts, as said by Mr. Justice Henshaw in the United Railroads case (172 Cal. 88, [155 Pac. 463]), "have been swift in holding that the character of a prohibitive injunction was not transformed and made mandatory because it incidentally involved the doing of an affirmative act." The same learned jurist also says in that case that "the court will not destroy the relief granted by any excessive astuteness in selecting some minor mandatory feature of the injunction and holding that that should control the consideration of the nature of the relief awarded."

In Georgia the granting of a mandatory injunction is prohibited by statute. In *Merchants & Miners' Transp. Co.* v. *Granger etc.*, 132 Ga. 167, [63 S. E. 700] the injunction restrained the defendant "from refusing to receive and carry the lumber of the plaintiff in the order in which it is duly tendered for shipment." It was contended that this was not a preventive injunction, but was strictly man-

datory in character, since its effect was to compel the defendants to do the affirmative act of taking and receiving and shipping the lumber. The supreme court of Georgia declared: "While under the code an injunction will not issue to compel a person to perform an act, yet the court may grant an order, the essential feature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act." The same principle is announced in *Falcon* v. *Boyer,* 157 Iowa, 745, [142 N. W. 427] in the following language: "While an injunction is issued primarily to restrain and not to compel an act, defendant may be required to do some affirmative act necessary to effectuate the principle purpose of the order." In *Fairfield Floral Co.* v. *Bradbury,* 87 Fed. 415, the postmaster had changed the usual course of business of his office. An injunction was sought to prevent the continuance of such interruption. It was argued that the injunction would be mandatory because it would compel the postmaster to do things other than those he was performing. The circuit court disposed of the contention in the single sentence: "If incidentally this would compel the postmaster to perform some minor things which in the ordinary course of business he would perform, this would not render it a mandatory injunction."

What essentially are the features of the injunction embodied in the judgment in this case? The defendants are not compelled to surrender their business. They retain their business, and every lawful right to carry it on in the usual and customary manner. They are, however, forbidden to do that which the court below determined to be illegal and improper, namely, to use certain business names in the conduct of their business. If we take the injunctive words of this judgment in their ordinary sense, it is difficult to see that any affirmative action is required of these appealing defendants except that, in yielding obedience to the restraint, they may incidentally be compelled to perform some acts. The judgment, in substance, merely prohibits the appealing defendants from carrying on their business as the Action Transfer Company. The fact that they had for some time been enjoying their asserted right to use that business name does not change the character of the injunction. If this were not so, almost any injunction

against the doing of repeated acts would be mandatory if the performance of the acts had been begun and carried on for any considerable time prior to the commencement of the action. For example, an injunction against the continued operation of a cement plant to the injury of plaintiff's adjacent orange grove (*Hulbert* v. *California Portland Cement Co.*, 161 Cal. 239, [38 L. R. A. (N. S.) 436, 118 Pac. 928]), or against the operation of a ferry claimed to have been conducted in infringement of the plaintiff's franchise rights (*Vallejo Ferry Co.* v. *Solano Aquatic Club*, 165 Cal. 255, [Ann. Cas. 1914C, 1197, 131 Pac. 864]), or one restraining a smelting company from permitting fumes from its works to blow over and upon neighboring lands (*People* v. *Selby Smelting & L. Co.*, 163 Cal. 84, [Ann. Cas. 1913E, 1267, 124 Pac. 692, 1135]), could be regarded as mandatory. But although in each of the cases just referred to the plaintiff's right to an injunction was bitterly contested, it does not appear to have occurred to the learned counsel representing the various defendants that the injunctions were mandatory and that their effect could, for this reason, be stayed pending appeal.

The applicants for the writ of *supersedeas* tell us that the writ is necessary to preserve their *status quo* and to avoid the consequences of a mere "barren victory" should they be successful on their appeal from the judgment. But, to quote again from the opinion of Mr. Justice Henshaw in the United Railroads case, "there is no magic in the phrase 'maintaining the *status quo*' which transforms an injunction essentially prohibitive into an injunction essentially mandatory." Probably most injunctions, especially those granted *pendente lite,* are necessary to the protection, declaration, or establishment of some disputed property right; but the operative effect of a strictly prohibitive injunction is not for that reason stayed by an appeal. (*Wolf* v. *Gall, supra.*)

Sufficient, we think, has been said to show that in its essence the injunction embodied in the judgment in this case is prohibitive and restrains continued acts of infringement upon a right which the decree adjudges to be plaintiff's exclusive property, namely, the right of plaintiff to the exclusive use of the business name "The

Active Transfer Company." The case seems to fall squarely within the ruling in *Morton* v. *Morton,* 148 Cal. 142, [1 L. R. A. (N. S.) 660, 82 Pac. 664], where it was held that an injunction restraining the defendant, his agents and employees from holding himself out as the representative of the plaintiffs, and from wearing on his hat, while engaged in the business of soliciting the transfer of baggage and luggage, a badge with the word "Morton's" written thereon, or any word similar thereto, is not mandatory but prohibitive.

The order to show cause is discharged.

Works, J., and Craig, J., concurred.