Leon S. Heller v. Leonard L. Abess, Roger W. Cole, Robert Pentland, Jr., Rex Meighen, and D. A. Smith, as members of and comprising The State Board of Accountancy.

184 So. 122.

Opinion Filed October 24, 1938.

*Elmore Cohen* and *George B. Mehlman,* for Appellant.

No appearance for Appellees.

WHITFIELD, P. J.—Chapter 15637, Acts of 1931, is entitled:

"AN ACT Creating the State Board of Accountancy of this State; Providing for the Appointment of the Members of Such Board, Fixing Their Term of Office, Prescribing

the Powers of Such Board and Defining Its Duties; Providing for the Issuance of Certificates to Practice as Certified Public Accountants to Persons Who Shall Comply with the Terms of this Act; Regulating the Practice of Public Accounting in this State; Defining What Shall Constitute the Practice of Public Accounting; Authorizing the State Board of Accountancy to Prescribe Rules and Regulations and Requiring Such Board to Promulgate Canons of Professional Ethics; Providing for the Revocation and Suspension of Certificates Held by Public Accountants and Certified Public Accountants; Prescribing Penalties for Violating the Provisions of this Act."

The Act provides for the issue of certificates to persons who have qualified as Certified Public Accountants, and requires a license tax to be paid annually for practicing in this State as a Public Accountant.

Section 10 of the Act as amended by Chapter 17267, Acts of 1935, is as follows:

"Section 10. Any person who shall receive from the Board under this Act, or who shall have heretofore received from the State Board of Accountancy of this State, a certificate to practice as a certified public accountant, shall be styled and known as a 'Certified Public Accountant,' and no other persons shall assume to use such title or that abbreviation 'C. P. A.' or any other word, words, letters or figures to indicate that the person using the same is a Certified Public Accountant. Any person who has heretofore received from the State Board of Accountancy of this State a Certificate or authority to practice as a public accountant shall be styled and known as a 'Public Accountant," and no other person, except a Certified Public Accountant, shall assume to use such designation to indicate that such person is entitled to practice as a public accountant in this State.

"That any person holding a proper certificate of authority

to practice as a Public Accountant in the State of Florida, and who is in good standing thereunder, and who holds a certificate as a Certified Public Accountant issued by or under the authority of another State or political subdivision of the United States, may use the letters 'C. P. A.' after his name, provided he shows immediately after such letters the name of the state or political subdivision as aforesaid under whose authority such Certificate was issued.

"Any person violating any of the provisions of this Section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than Five Hundred ($500.00) Dollars or imprisonment in the County Jail for not more than six months, or both, in the discretion of the trial court."

On a bill of complaint in equity filed by the State board under Chapter 17265, Acts of 1935, to enjoin a violation of Chapter 15637, Acts of 1931, as amended by Chapter 17267, Acts of 1935, by the defendant who had not complied with the statute to practice as Public Accountant, it was

"DECREED that the defendant's motion to dismiss be denied, and that the defendant, subject to the further order of the Court, be temporarily enjoined and restrained from using any other term than Certified Public Accountant, or the abbreviation C. P. A., to indicate that he is a Public Accountant with a specially granted title, and from holding himself out to the public as a Public Accountant or assuming to practice as a Public Accountant, or practicing as a Public Accountant, unless and until he has received and holds a certificate of authority from the State Board of Accountancy of the State of Florida."

Defendant appealed.

The questions presented are whether the statute (1) deprives defendant of his property without due process of law; (2) "unreasonably restrains a public accountant from

practicing his profession; (3) constitutes an unwarranted and unreasonable exercise of the State police power. Such contention assumes the public nature of the service in "practicing his profession," and assumes the police power of the State is applicable to the occupation or profession; it being in substance contended that the exertion of the sovereign power in enforcing the statute as to the defendant is unwarranted, and unreasonably restrains him as a "public accountant from practicing his profession;" and that the Act is unconstitutional and deprives defendant of his property without due process of law.

The due process clause of the State constitution and of the Fourteenth Amendment to the Federal Constitution are intended to operate not only to forbid, but by judicial proceedings to prevent, any and all arbitrary and oppressive governmental activities that adversely affect the life, liberty and property rights of any person; but such organic provisions do not operate to substitute judicial judgment for legislative discretion in the exercise of the sovereign legislative power in regulating business occupations or professions to conserve the public welfare. Courts may declare such a legislative enactment to be a deprivation of life, liberty or property rights without due process of law, only when the statute is arbitrary and unreasonable or oppressive as it adversely affects such life, liberty and property rights. If there is any conceivable reasonable basis for a statutory regulation of intrastate business occupations to conserve the public welfare, an annulment of such legislative regulation is not within the contemplation of the judicial power invested in the courts by the Florida constitution. Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282; Miami Laundry Case decided at this term. See 6115 (4174) C. G. L.

The statute is not, as contended, an arbitrary, unreason-

able and oppressive exercise of the sovereign legislative power in forbidding the use by others of the business or professional title given under the statute only to those who duly qualify and pay a license tax to engage in the business, occupation or profession of Public Accountant as regulated by the statute; such provisions being reasonable and appropriate to prevent imposition upon the public and to serve the general welfare.

Affirmed.

ELLIS, C. J. and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.