STATE BOARD OF ACCOUNTANCY, et al v.
FLORIDA ACCOUNTANTS ASSOCIATION, et al.
Circuit Court, Dade County.
April 20, 1956.

Ward & Ward, Miami, for plaintiffs.

Redfearn & Ferrell and Jepeway & Dauber, all of Miami, for defendants.

ROBERT L. FLOYD, Circuit Judge.

Plaintiffs are members of and constitute the State Board of Accountancy, operating under provisions of chapter 473, Florida Statutes 1955. It is charged that the defendant Florida Accountants Association, a non-profit corporation, is being used as a shield

to grant to its members purported rights which are in violation of the provisions of chapter 473. The corporation is named as defendant, also certain individuals, all of whom are officers and directors thereof — who, it is alleged, are practicing in violation of the law.

The objectives of chapter 473 are — (1) to prevent any person who is not licensed under the provisions thereof from holding himself out to the public for compensation as having skill in or knowledge of the science of accounting, and (2) to prevent any unlicensed person from rendering professional services as an accountant.

The complaint states that under the statute there are many activities which persons may not engage in if not qualified and licensed — (1) they may not hold themselves out as accountants rendering services for compensation, (2) they may not maintain offices for the transaction of business as accountants, except that they may designate themselves as bookkeepers, (3) they may not offer to perform for compensation professional services that involve or require either an audit or a verification of financial transactions and accounting records, (4) they may not prepare, sign or certify for clients reports of audits, balance sheets or other financial, accounting or related schedules, exhibits or statements which are to be used for publication or for credit purposes, or for any other purpose, and (5) they may not render professional assistance to clients for compensation in any matter relating to accounting procedure or the recording, presentation or certification of financial facts.

Section 473.25 provides — "No person may practice in this state as a certified public accountant or as a public accountant, nor hold himself out to the public as being qualified to practice public accounting, or any phase or branch thereof, in the state, unless such person shall be the holder of a certificate as a certified public accountant or as a public accountant then in full force and effect under the provisions of this chapter."

It is charged that the defendant corporation was organized, that it issues certificates of membership, that it has by-laws certifying its members as professional accountants, that its individual officers and directors in the guise of that corporate activity hold examinations, give cards to the members of the Florida Accountants Association as accountants, etc.

It is further stated that the State Board of Accountancy is permitted to promulgate regulations, and that its rule 5 provides — "The use of letters or terms descriptive of a practitioner's accounting qualifications, other than the term 'certfified public accountant' or 'public accountant' as provided by law, is prohibited."

Defendants in their answer admit they are holding themselves out as practicing accountants but deny there is any violation of the laws of Florida. They contend they have a contract with the state under the charter granted to the corporation on November 17, 1948, maintaining that—"neither the said Board of Accountancy nor the legislature can violate the terms of the contract of the Florida Accountants Association with the state of Florida established by their charter."

Defendants contend that the provisions of chapter 473 violate the fundamental right of the defendants and other members of the corporation to earn a livelihood as bookkeepers or as registered accountants—"within the meaning of the charter of the Florida Accountants Association of which they are members."

In paragraph 4 of the answer they admit all the allegations of paragraph 4 of the complaint, but say they are protected in their activities because the circuit judge chartered the non-profit corporation and they are acting as members thereof. Therefore, as members, they are not governed by the accountancy laws of Florida.

In paragraph 6 of the answer they admit they carry the advertising in the classified directory as alleged, but say they have the right to do so.

In paragraph 7 they admit the plaintiffs promulgated rule 5 in their official capacity, but contend that because their charter was granted in 1948 the State Board of Accountancy had no right to adopt any rules thereafter which would violate their rights, if any they had.

In paragraph 8 they admit that the corporation has not been recognized as an official organization and that none of its individual members has been certified or licensed by plaintiffs.

They claim they are not harming the public and that as individuals they have a right to earn a living. They say there are hundreds of other persons in Florida earning a living as bookkeepers or accountants and that they would be deprived of that right—"unless they admit themselves to be slaves of the plaintiff board and its members and work out of their offices where said plaintiff board and its members can toll the wages of such enslaved laborers."

It is alleged that such actions of the plaintiff board and its members are wholly unconstitutional.

From the testimony taken before the court, an examination of the exhibits introduced in evidence and the depositions of several of the defendants, it is apparent that the defendant corporation and

its members use the word "accountant" in such a manner as to lead one to believe they practice the profession of "accountancy." In fact, they frankly admit this to be true, to one degree or another. They contend, however, that it is not the public that is misled, that the certified accountants licensed by plaintiffs are looking only toward a monopoly of the business of accountancy and its various branches for themselves.

I am frank to say that I cannot see how a person seeking the services of a certified public accountant could be misled into another category of accountants. Just what is meant by the somewhat elusive term "public accountant" is a difficult question—but section 473.02 defines the term, and the definition there set forth must be accepted for the purposes of this opinion and decree.

Two fundamental concepts of law are here involved. First, the right of contract enjoyed under our constitution. Second, the restraint upon that right by the police power or regulatory power which must be *reasonably* exercised by the legislature to be valid. Counsel have aided the court by submitting exhaustive briefs on both points.

Chapter 473 has been held constitutional by the Supreme Court, 184 So. 122. This court cannot assume (as contended by defendants) that the Heller case was a friendly suit because there was no appearance by the appellees (State Board of Accountancy). Moore v. Grillis (Miss.), 39 So. 2d 505, relied on by defendants, does not criticize the Heller case, but merely points out that the Heller case does not conflict with the opinion of the Mississippi Supreme Court (see page 511 of the opinion).

The *wisdom* of the legislation under attack is not for this court to determine. The doctrine of stare decisis must be recognized—it is not for this court to overturn a prior decision of our Supreme Court for reasons that must be assumed.

Factually, the court finds that the evidence and testimony supports the contentions of the plaintiffs. It cannot be successfully contended that defendants have a right of prior contract with the state because of the formation of the non-profit corporation. If the formation of the corporation violated the statutes in the beginning there was, at best, a voidable contract—if one existed at all.

It is therefore ordered, adjudged and decreed—(1) that the defendants, and each of them, and the officers, agents, directors and members of the corporate defendant Florida Accountants Association, a non-profit corporation, be, and they are, hereby enjoined

and restrained from holding themselves out as accountants authorized to practice as a separate and independent profession without specifying in their letters, their cards and their advertising that they offer only bookkeeping service. (2) That the named defendants and their members as a class are likewise enjoined and restrained from engaging in the practices above recited. (3) That the named defendants shall not use the word "accountant" directly or indirectly in their published literature or in representations to the public, either oral or written, or in signs on their offices or stationery. (4) That the costs of this suit shall be borne by the defendants.