J. G. DAVIS v. JAMES W. ALLEN et al.—307 S. W. (2d) 800.

Middle Section. May 3, 1957.

Petition for Certiorari Denied by Supreme Court December 6, 1957.

Claude Callicott, Nashville, for complainant.

James M. Swiggart, Nashville, Special Assistant Attorney General, for defendant.

FELTS, J. This suit was brought by complainant against the State Board of Accountancy, under chapter 231, Public Acts 1955 (T. C. A. secs. 62-119—62-145), and the Attorney-General of the State, to have this act declared unconstitutional and void.

This act replaced prior laws, created the Board to administer it, defined the practice of public accountancy, prescribed the qualifications therefor, provided the Board should issue a certificate of license to persons qualified as a ''certified public accountant'' and to those qualified as a ''public accountant'', and forbade anyone to practice public accountancy without such certificate.

The practice of public accountancy, as defined by the act[1], consists of *''holding oneself out to the public''* (Italics ours) as skilled in the science and practice of accounting and as qualified and ready to render professional services as a public accountant for compensation, and of performing such services for more than one employer.

_____

[1] "The practice of public accountancy is hereby defined as holding oneself out to the public as skilled in the knowledge, science and practice of accounting; as qualified and ready to render professional services therein as a public accountant or certified public accountant for compensation, and performing such work of an accountant for more than one employer on a fee basis, or otherwise, in any of the following services: auditing; devising and installing systems; recording and presentation of financial information or data; compiling tax returns; preparing financial statements, schedules, reports, and exhibits for publication, credit purposes, use in courts of law and equity, and for other purposes. * * *" (T.C.A. sec. 62-127).

Complainant alleged in his bill that he had an office in Nashville and had been practicing as a public accountant for five years; that his practice was based primarily on private contracts made by him with his employers, and was his own private business or vocation, and was not within the State's power to regulate, as attempted by this act; and that the act would deprive him of rights guaranteed him by the 5th and 14th Amendments to the Constitution of the United States and by the corresponding provisions of the Constitution of Tennessee (Art. I, secs. 8, 17).

Answer was filed by defendants and the cause was heard before the Chancellor upon oral proof. He rendered a full and careful opinion holding this act valid and constitutional, and entered a decree so declaring and dismissing the bill. Complainant appealed to this Court and has assigned errors on the Chancellor's decree.

We first felt doubt as to our jurisdiction. Under the statute (T. C. A. sec. 16-408), if the constitutionality of this act "is the sole determinative question in the litigation", jurisdiction of this appeal is in the Supreme Court and not in this Court. But since appellees question appellant's right to attack this act, thereby adding another question, we resolve the doubt in favor of our jurisdiction. Findlay v. Davis, 198 Tenn. 107, 278 S. W. (2d) 87.

We recognize that a court will not pass on the constitutionality of a statute unless it is necessary in order to determine a present right of a litigant, State ex rel. Loser v. National Optical Stores Co., 189 Tenn. 433, 444, 225 S. W. (2d) 263, 268; and that no one may

attack an act unless it affects him adversely. Hicks v. Rhea County, 189 Tenn. 383, 387, 225 S. W. (2d) 544, 546.

█ We also agree that since appellant does not claim any right as a "certified public accountant" and since it appears that after filing the bill he obtained a certificate as a "public accountant" under this act, he cannot attack its provisions as to these matters. But we do not agree that this leaves him with no standing to attack any other part of the act. We think he may still attack the provisions governing his conduct as a public accountant, including the one requiring him to pay an annual license fee.

He contends that these provisions constitute an unreasonable, arbitrary, and unconstitutional restriction on his right to practice public accountancy, because such practice involves only his private contracts with his employers, and is his own private business or vocation, not affecting the public safety, health, or morals, and, therefore, not within the State's police power to regulate as attempted by these provisions.

██ The police power inheres in the State, as an attribute of sovereignty, necessary to protect the public safety, health, morals, and welfare. It is of "vast and undefined extent"; and it is for the Legislature to say when it shall be exerted "for the protection or advancement of the public welfare". Motlow v. State, 125 Tenn. 547, 589, 145 S. W. 177, 188, L. R. A. 1916 F, 177. Courts can only determine whether such an act is reasonable; i. e. whether it has any real tendency to carry into effect the purposes designed — the protection of the public safety, health or morals. State ex rel. Loser v. National Stores Co., supra, 189 Tenn. 446, 225 S. W. (2d) 269.

■ The State, under its police power, may pass laws to protect the public against fraud, deception, or the consequences of ignorance and incapacity, and may exact the requisite degree of skill and learning of persons in professions and pursuits which affect the pubic health or welfare, such as the practice of law, medicine and surgery, dentistry, chiropractic, optometry, nursing, pharmacy, architecture, accountancy, and even plumbing and barbering. State ex rel. Loser v. National Optical Stores Co., supra; Janeway v. State Bd. of Chiropractic Examiners, 33 Tenn. App. 280, 286, 231 S. W. (2d) 584, 587; 11 Am. Jur. Constitutional Law, sec. 275, pp. 1032, 1033.

The act before us recognizes public accountancy as one of such professions. It defines the practice of public accountancy as "holding oneself out to the public" as skilled in the science and practice of accounting, as qualified to render professional service as such accountant, and performing such services, under the conditions stated. As observed by the learned Chancellor, public accountancy now embraces many intricate and technical matters dealing with the many kinds of tax laws, unfair trade practices, rate regulations, Blue Sky laws, Stock Exchange regulations, reports required by various governmental agencies, financial statements, etc.

■ So, in this view of the practice of public accountancy, it is such a skilled and technical profession and so affects the public welfare that the State may properly regulate it as is done in this act. Similar acts have generally been upheld in other states. State v. De Verges, 153 La. 349, 95 So. 805, 27 A. L. R. 1526; Wangerin v. Wisconsin State Board of Accountancy, 223 Wis. 179,

270 N. W. 57; Heller v. Abess, 134 Fla. 610, 184 So. 122; and cases cited in the annotations, 27 A. L. R. 1530-1533, 42 A. L. R. 777-779; see, Moore v. Grillis, 205 Miss. 865, 39 So. (2d) 505, 10 A. L. R. (2d) 1425.

We think Campbell v. McIntyre, 165 Tenn. 47, 52 S. W. (2d) 162, 163, relied on by appellant, is not in point. That case dealt with the 1925 act (ch. 33, acts 1925; 1932 Code secs. 7083-7097), which prohibited any person from practicing public accounting, without first registering and receiving a license from the board, and defined such practice thus: "a person engages in the practice of public accounting *when he performs accounting work* as distinguished from bookkeeping on a fee basis, per diem, or otherwise, *for more than one employer*" (italics ours).

There, the Court pointed out that the prohibition of the statute was not restricted to accountants who held themselves "out to the general public as open to employment", but applied "to all who serve more than one employer" (165 Tenn. 50, 52 S. W. (2d) 163). And the Court held that so much of the act as undertook to prohibit complainant from practicing public accounting, as thus broadly defined, was not a valid exercise of the police power, had no tendency to protect the public, but was unconstitutional as an unreasonable restriction on his right to engage in his "private business or vocation" (165 Tenn. 51, 55, 52 S. W. (2d) 163).

The difference between the two acts is quite obvious. That act prohibited one from doing accounting work for two or more persons, even though he did such work privately and without holding himself out at all to the public as a public accountant; and it was, therefore, invalid as "an unreasonable and arbitrary restriction

on the right of private contract" (Mascari v. International Brotherhood, etc., 187 Tenn. 345, 352, 215 S. W. (2d) 779, 782).

This act does not touch the right of private contract where there is no holding out to the public. It applies only to professional public accountants and certified public accountants holding themselves out to the public as qualified, and rendering such professional services to the members of the public. The Campbell case recognized that such an act is valid (165 Tenn. 50, 52 S. W. (2d) 162).

Other provisions attacked by appellant are those requiring him to pay an annual license fee and those enabling the Board to set up standards of professional conduct for those engaged in the practice of public accounting. Such provisions are not invalid, but are within the State's police power. Janeway v. State Bd. of Chiropractic Examiners, supra, 33 Tenn. App. 287, 231 S. W. (2d) 587.

All the assignments of error are overruled, the Chancellor's decree is affirmed, and the costs of the appeal are adjudged against appellant and the surety on his appeal bond.

Hickerson and Shriver, JJ., concur.