[Civ. No. 9599. Fourth Dist., Div. One. June 12, 1970.]

STATE BOARD OF BARBER EXAMINERS,
Plaintiff and Appellant, v.
RICKY STAR et al., Defendants and Respondents.

**COUNSEL**

Thomas C. Lynch, Attorney General, Megan A. Wagner and Jeffrey T. Miller, Deputy Attorneys General, for Plaintiff and Appellant.

Launer, Chaffee & Hanna, Walter B. Chaffee, Walter G. Howald and Robert J. Eadington for Defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—The State Board of Barber Examiners appeals from an order denying its application for a preliminary injunction to prevent Ricky Star and Elizabeth Star from charging less than the Board's minimum price schedule for haircuts in the Stars' barbershop.

The Board's complaint for injunctive relief against the Stars is based upon Business and Professions Code section 6558. The Stars opposed the granting of a preliminary injunction upon a number of procedural and constitutional grounds. The trial court denied the preliminary injunction upon the constitutional ground the legislation providing for price fixing in the barber industry bears no reasonable relationship to the protection of the health and welfare of the people. The court declined to rule on any of the other grounds, including other constitutional grounds urged in opposition by the Stars.

■ Generally, a preliminary injunctive order does not reach the merits of the permanent injunctive relief sought in the complaint. The court, at this stage, balances the equities of the parties and determines whether the defendants should be restrained from exercising the right claimed by them pending a trial on the merits. ■ The general purpose is to preserve the status quo until the merits of the action are determined. The court considers who will bear the greater injury should the preliminary injunction be granted and whether a reasonable probability exists the plaintiff will prevail. (*Continental Baking Co.* v. *Katz,* 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].)

■ The status quo in this case was the Stars were operating a barbershop and charging considerably less for cutting hair than the minimum price schedule set by the Board.

Implicit in the trial court's ruling barbershop price fixing is unconstitutional is the reasonable probability the Board might not prevail in a trial. Probability rather than certainty of ultimate success is appropriately included in the court's considerations at this stage of the proceedings.

The record also would support the denial of the preliminary injunction upon the relative hardship of the parties. We find little hardship on the Board demonstrated in the record as opposed to the hardship resulting to the Stars should they be required to give up their clientele who might not use their services but for the cut rate. (See *French Art Cleaners* v. *State Board etc. Cleaners,* 91 Cal.App.2d 890, 897 [206 P.2d 25].)

We find the court did not abuse its discretion when it denied the preliminary injunction.

■ The Board argues, however, we should determine the constitutional question ruled upon by the court below. It contends the question is ripe for determination. Neither side would stipulate at the preliminary hearing the court could determine the ultimate merits of the injunction although the court asked for such a stipulation. (See *Paul* v. *Allied Dairymen, Inc.,* 209 Cal.App.2d 112, 121 [25 Cal.Rptr. 595].) The Board cites *Youngstown Sheet & Tube Co.* v. *Sawyer,* 343 U.S. 579 [96 L.Ed. 1153, 72 S.Ct. 863, 26 A.L.R.2d 1378] for the proposition a constitutional question may be determined in a preliminary order and given ultimate effect on an appeal from that order. Whether one barbershop may cut prices as well as hair, does not, however, present the exigencies which were before the United States Supreme Court in the *Youngstown* case. There the court not only decided the constitutionality of presidential executive orders on a review of a preliminary injunction, it by-passed the intermediate court of appeals to do so.

The Board also cites *Bomberger* v. *McKelvey,* 35 Cal.2d 607, 612 [220 P.2d 729] which states: "There is no inflexible rule as to the effect of the granting or denial of a preliminary injunction on subsequent litigation, but unless it appears that the court intended a final adjudication of the issue involved, a decision on an application for a preliminary injunction does not amount to a decision on the ultimate rights in controversy."

Insofar as the statement from *Bomberger* implies the intent of the court may be controlling, it is dictum and we find no case using that as a criteria for giving ultimate effect to a preliminary injunction. This is particularly so where, as here, neither party would stipulate the ultimate question of whether the injunction should be granted could be determined on the evidence (primarily in affidavit form) presented at the preliminary hearing. To allow the court, on its own, to determine whether its ruling at the preliminary hearing should finally determine the rights of the parties would be to deny both parties their right to a hearing, to present evidence and to cross-examine witnesses. The hearing on a preliminary injunction occurs early in the proceedings. A party often is not as fully prepared to meet the issues as he would be at a trial. The Stars refused to stipulate because they had

had limited time to prepare and wanted to investigate further. The Board argues the constitutional question is ripe for determination, but contends it should prevail upon unrebutted presumptions of constitutionality.

This case is not ripe for a determination of the constitutional questions which will be involved in the trial. It presents a good example for application of the general rule a preliminary injunction should not determine the ultimate rights of the parties. While the court below purported to rule on one of the constitutional questions involved, we hold that was an interim ruling which will not bind the court one way or the other at the trial (*Bomberger* v. *McKelvey, supra,* 35 Cal.2d 607, 612; *Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59, 62-63 [99 P. 502]).

Order affirmed.

Coughlin, J., and Whelan, J., concurred.