## Richmond

TURNER N. BURTON, DIRECTOR, ETC., ET AL. v. THE ACCOUNTANT'S SOCIETY OF VIRGINIA, INC., ET AL.

March 5, 1973.

Record No. 7996.

Present, All the Justices.

*T. J. Markow,* Assistant Attorney General (*Andrew P. Miller,* Attorney General, on brief), for plaintiffs in error.

*John A. K. Donovan* (*Paul A. Burns; Nicholas A. Spinella; Donovan, Turnbull, Brophy & Burns; Spinella, Spinella & Owings,* on brief), for defendants in error.

CARRICO, J., delivered the opinion of the court.

This litigation commenced with the filing of a declaratory judgment proceeding by The Accountant's Society of Virginia, Inc., and I. Melvin Whitestone, Robert Grille, Joseph Brown, and Louis Mirman, individual members of the Society, against Turner N. Burton, then Director, Department of Professional and Occupational Registration. H. V. Longley, Jr., and Charles R. Day were later added as parties plaintiff, and the State Board of Accountancy was added as a party defendant.

The motion for declaratory judgment sought an interpretation of Code § 54-100, a part of Chapter 5 of Title 54 relating to "certified public accountants" and "registered public accountants." It was alleged that the individual plaintiffs, who were not certified or registered public accountants, were engaged in furnishing accounting services to the public and that the defendant Director had addressed letters to one of the individual plaintiffs and to other members of the plaintiff Society ordering them to cease and desist from holding themselves out to the public as "accountants." This was alleged to be in deprivation of the constitutional rights of the individual plaintiffs. The motion prayed for a declaration that the individual plaintiffs had the right to offer and furnish their services to the public and to use the title "accountant" in distinguishing themselves to the public.

The defendant Director filed an answer denying that the individual plaintiffs had been deprived of any constitutional rights. When the State Board of Accountancy was made a party defendant, it adopted the answer of the Director. The trial court ruled in favor of the plaintiffs, and the defendants were granted a writ of error to the final order embodying the court's ruling.

Chapter 5 of Title 54 of the Code empowers the State Board of Accountancy to issue certificates to those persons found qualified, by examination or by certification in another state, to be certified public accountants in Virginia. Code §§ 54-89 and -93. The legislation was enacted in 1928. A "grandfather" clause was included which provided that any person duly registered by the Board as a "public accountant" within three months after July 1, 1928, was to be known and entitled to practice as a "public accountant." Code § 54-90.

Code § 54-100, at issue here, is entitled "Prohibitions and penalties; exceptions." The first sentence of the Code section makes it unlawful for any person to engage in the public practice of accountancy in Virginia except those who are "certified public accountants" or "registered public accountants." The second sentence makes it a misdemeanor and fixes the punishment for one to practice as a certified public accountant without being certified. The pertinent portion of the third sentence reads as follows:

"Any person not registered as a public accountant by the Board, who shall represent himself to be a public accountant either by the use of the words 'public accountant' on his door or stationery, or in advertising of any kind, or by signing in the capacity of a public

accountant a certificate in writing in reference to any financial statement, or by any other form of representation, oral or written, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both, in the discretion of the court or jury; provided, however, that nothing contained in this chapter shall prohibit any person from engaging in any accountancy work for one or more persons so long as such person does not hold himself out to the public as a certified public accountant, public accountant, or accountant or auditor, offering his or her services to all those who may choose to apply . . ."

The trial court held valid so much of Code § 54-100 as prohibits an unauthorized person from holding himself out to the public as a "certified public accountant" or a "public accountant." However, the court further held the Code section unconstitutional insofar as it prohibits the individual plaintiffs from using the title "accountant" and from so holding themselves out to the public.

The defendants contend that the trial court erred in holding the statute unconstitutional in this respect. They say that the statute is nothing more than an "anti-advertising" measure, enacted in the exercise of the police power of the state and valid because it bears rational relation to the objectives of the General Assembly in enacting it. Those objectives, it is contended, were to protect the public from unqualified individuals who might assume the role of accountant and to protect the public from being misled to believe that an uncertified or unregistered accountant is in fact certified or registered.

The plaintiffs do not question the trial court's ruling that so much of the statute is valid as prohibits an unauthorized person from holding himself out to the public as a "certified public accountant" or a "public accountant." However, the plaintiffs contend that the statute is unconstitutional insofar as it prohibits the use of the title "accountant." They rely upon the same grounds found by the trial court, *i.e.*, denial of due process and equal protection of law and infringement of the right to contract.

However, we do not reach the constitutional questions. Instead, we focus upon another contention made by the plaintiffs—that the statute is ambiguous on its face. We agree with this contention. The ambiguity appears in the third sentence, previously quoted, of the statute. In the first part of that sentence, it is declared to be a

misdemeanor for a person not so registered to represent himself in any way as a *public accountant*. The emphasis of the prohibition is upon both the italicized words "public" and "accountant." And there are sanctions provided, in the form of a jail sentence and fine, for one who wrongfully represents himself as a "public accountant." However, in the next part of the sentence, beginning with the words "provided, however," where permission is given to engage "in any accountancy work," there is a veiled prohibition against any person holding himself out to the public as an "accountant," whether certified or registered, or not. But, and of singular importance, such a holding out is not declared to be unlawful nor are any sanctions provided for one who holds himself out as a mere "accountant."

Thus, it is not at all clear what constitutes an unlawful "representation" or "holding out." Read literally, the "provided, however," clause would prohibit even a certified public accountant from holding himself out to the public as a certified public accountant. This, of course, does not make sense. But of more concern to the plaintiffs in this case, it is not clear whether the mere use of the word "accountant" by one not certified or registered would invoke the prohibitory provisions of the statute or whether it is necessary for him to employ the full title "public accountant" before such provisions may be invoked.

In such a situation, we should adopt that construction of the statute which makes its meaning intelligible and plain. *Davis* v. *Roper Lumber Co.*, 138 Va. 377, 392, 122 S.E. 113, 117 (1924), *rev'd on other grounds*, 269 U.S. 158 (1925). Then, too, we are dealing with a statute penal in nature, and it must be strictly construed. *Sellers* v. *Bles*, 198 Va. 49, 53, 92 S.E.2d 486, 489 (1956).

With these principles in mind, we construe the statute to mean that one not certified or registered must employ the full title "public accountant" before the prohibitory provisions may be invoked. This makes the meaning of the statute clear and intelligible and it effectuates the general purposes of the legislation. It is a reasonable construction since the prohibitory provisions would be invoked only by that action which is actually declared to be unlawful and for which sanctions are provided.

So we resolve the ambiguity in the statute in favor of the individual plaintiffs. This leaves them free to employ the title "accountant" in distinguishing themselves to the public.

The trial court also found the statute ambiguous on its face. However, it did not limit to that ground its holding that the individual

plaintiffs were entitled to call themselves "accountants." Instead, as has been noted, it declared the statute unconstitutional insofar as it prohibits use of the word "accountant." We affirm, but modify the final order by deleting the finding that the statute is unconstitutional in the respect found by the trial court.

*Modified and affirmed.*