[Civ. No. 38875. First Dist., Div. Two. Jan. 25, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK M. HILL, Defendant and Appellant.

322

COUNSEL

James H. Disney for Defendant and Appellant.

Louis P. Bergna, District Attorney, and Robert J. Masterson, Deputy District Attorney, for Plaintiff and Respondent.

Evelle J. Younger, Attorney General and Wilbert E. Bennett, Deputy Attorney General, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

BRAY, J.*—Defendant and appellant Jack M. Hill, doing business under the firm name of A-Accounting—Jack M. Hill & Co., appeals from an order of the Santa Clara County Superior Court granting a preliminary injunction. An amicus curiae brief has been filed in support of the order granting the preliminary injunction of the State Board of Accountancy.

ISSUES

1)   An uncertified person may not use the term "accountant" or "accounting" in the name of his business.

2)   The trial court properly granted the preliminary injunction.

FACTS

The People of the State of California through the District Attorney of Santa Clara County filed a complaint for injunction, civil penalties, exemplary damages and other relief in the Superior Court of Santa Clara County naming Jack M. Hill and A-Accounting—Jack M. Hill & Co., as defendants. The complaint contains the following allegations: Jack M. Hill is the proprietor, owner, manager, agent, employee and representative of A-Accounting—Jack M. Hill & Co. Appellant is not licensed as a public accountant or as a certified public accountant. Appellant has engaged in false and misleading advertising by using the term " 'Accounting' " in his business name (" 'A-ACCOUNTING—JACK M. HILL & Co.' ") which appears at his place of business, in the telephone directory and on business correspondence. The use of the term " 'accounting' " is

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

deceptive and misleading in that it implies that appellant is licensed to practice public accounting. The use of the term " 'Accounting' " in appellant's business title constitutes an unfair business practice in that it causes appellant to appear better qualified or more highly trained than other unlicensed competitors or to be equally qualified with licensed public accountants and certified public accountants. Respondent asked that appellant be enjoined from using the words " 'accounting' " or " 'accountant' " or abbreviation thereof in conjunction with his business title.

On the same date that the complaint was filed an order to show cause why the preliminary injunction should not be granted was signed by the lower court. On November 18, 1975, appellant filed a declaration and points and authorities in opposition to the motion for a preliminary injunction. The matter was heard before the Honorable John R. Kennedy. A full hearing was held on notice. On November 25, 1975, the lower court granted a preliminary injunction enjoining appellant from using the words " 'accounting' " or " 'accountant' " in conjunction with or reference to his business and from "[r]epresenting [himself] as [an accountant] in any manner that would tend to confuse or mislead the public. . . ." Thereafter, appellant answered the complaint.

1) ▆ *An uncertified person may not lawfully use the term "accountant" in the name of his business.*

The statutes pertaining to accountants in California are found in the Business and Professions Code sections 5000 through 5157 and is commonly known as and hereinafter referred to as the "Accountancy Act."

Section 5033[1] defines a " '[c]ertified public accountant' " as "any person who has received from the board a certificate of certified public accountant and who holds a valid permit to practice under the provisions of this chapter."[2] Section 5034 defines a " '[p]ublic accountant' " as a "person who has registered with the board as a public accountant and who holds a valid permit for the practice of public accountancy."[3] Section 5050 provides in pertinent part: "No person shall engage in the practice of public accountancy in this State unless such person is the

[1]All references are to the Business and Professions Code unless otherwise indicated.

[2]Section 5055 states that a certified public accountant may use the abbreviation " 'C.P.A.' "

[3]Section 5056 states that a public accountant may use the abbreviation " 'P.A.' "

holder of a valid permit to practice public accountancy issued by the board [State Board of Accountancy]; . . ." Public accountancy is defined in section 5051 as follows: "Except as provided in Sections 5052, 5053, and 5054, a person shall be deemed to be engaged in the practice of public accountancy within the meaning and intent of this chapter:

"(a) Who holds himself or herself out to the public in any manner as one skilled in the knowledge, science and practice of accounting, and as qualified and ready to render professional service therein as a public accountant for compensation; or

"(b) Who maintains an office for the transaction of business as a public accountant; or

"(c) Who offers to prospective clients to perform for compensation, or who does perform on behalf of clients for compensation, professional services that involve or require an audit, examination, verification, investigation, certification, presentation, or review, of financial transactions and accounting records; or

"(d) Who prepares or certifies for clients reports on audits or examinations of books or records of account, balance sheets, and other financial, accounting and related schedules, exhibits, statements, or reports which are to be used for publication or for the purpose of obtaining credit or for filing with a court of law or with any governmental agency, or for any other purpose; or

"(e) Who, in general or as an incident to such work, renders professional services to clients for compensation in any or all matters relating to accounting procedure and to the recording, presentation, or certification of financial information or data."

Under section 5052 the following persons are excepted from the Accountancy Act: "any person who as an employee, independent contractor, or otherwise, contracts with one or more persons, organizations, or entities, for the purpose of keeping books, making trial balances, statements, making audits or preparing reports, all as a part of bookkeeping operations, provided that such trial balances, statements, or reports are not issued over the name of such person as having been prepared or examined by a certified public accountant or public accountant."

Under section 5053 the Accountancy Act does not apply to employees or assistants of certified public accountants or public accountants.

Under section 5054 any corporation engaged in the practice of public accountancy at the effective date of section 5054 may continue to engage in public accountancy.

Section 5055 prohibits the use of the title " 'certified public accountant' " and the abbreviation " 'C.P.A.' " except by those holding a certificate. Similarly, section 5056 prohibits the use of the title " 'public accountant' " and the abbreviation " 'P.A.' " except by those holding a certificate of public accountancy. Section 5058 prohibits the use of other titles likely to be confused with the terms " 'certified public accountant' " and " 'public accountant,' " and abbreviations likely to be confused with " 'C.P.A.' " and " 'P.A.' " Section 5058 enumerates such titles as " 'chartered accountant,' " " 'certified accountant,' " " 'enrolled accountant,' " " 'registered' " or " 'licensed accountant' " and similar abbreviations as " 'C.A.,' " " 'E.A.,' " " 'R.A.,' " or " 'L.A.' "

Appellant argues that the Legislature has not prohibited the practice of unlicensed accountancy. (Bus. & Prof. Code, § 5052.) Nor has the Legislature expressly prohibited the use of the word " 'accountant' " by an unlicensed person as long as the word is not used in conjunction with another word that connotes official licensing or sanction. Appellant states: "the recital of modifiers to the word 'accountant' [found in section 5058] and to the abbreviation 'A' is sufficiently repeated in the statutory language as to lead one to believe" that "accountant" was omitted deliberately.

Respondent and the State Board of Accountancy contend: "when an unlicensed person represents that he has the requisite skills and qualifications of a public accountant by holding himself out as an 'accountant' or as one versed in 'accounting,' there is a substantial risk that the public may be confused into thinking that he is an actual licensee of the state." The State Board of Accountancy concedes that the California statutory scheme to regulate the practice does not prohibit an unlicensed person from practicing accounting or doing accounting, provided that such practice or work does not come under the classification of "public accounting," but argues that the statutory scheme does prohibit such a person from calling himself an accountant.

All parties to this action agree that no California case has considered the issue whether an uncertified or unregistered person may use the term

"accountant" or "accounting" in connection with his business. However, this issue has been addressed by several other jurisdictions.

It is well established in other jurisdictions that the Legislature has, in the public interest and for the general welfare, the power to regulate the profession of public accounting by prohibiting a person from representing himself as a "certified public accountant" or using the initials "C.P.A." or otherwise holding himself out as qualified under such or similar statutes without actually having received such certificate. (*Heller* v. *Abess* (1938) 134 Fla. 610 [184 So. 122]; *Elliott* v. *University of Illinois* (1936) 365 Ill. 338 [6 N.E.2d 647], cert. den., 302 U.S. 692 [82 L.Ed. 534, 58 S.Ct. 11], rehg. den., 302 U.S. 774 [82 L.Ed. 600, 58 S.Ct. 133]; *State* v. *De Verges* (1923) 153 La. 349 [95 So. 805]; *People* v. *Marlowe* (1923) 40 N.Y.Crim. 448 [203 N.Y.S. 474]; *Wangerin* v. *Wisconsin State Board of Accountancy* (1936) 223 Wis. 179 [270 N.W. 57].) But the question remains if other jurisdictions have prohibited a person from calling himself an "accountant" if he has not received a certificate from the state.

In *State* ex rel. *Short* v. *Riedell* (1924) 109 Okla. 35 [233 P. 684], an action was brought by the State Board of Accountancy to prevent unlicensed persons from practicing accounting or holding themselves out to the public as accountants. The court noted that the legislation regulating accountants was brought about by the interest of public accountants rather than for the public welfare as a person holding a certificate is recognized as having some advantage in the profession over a person not holding such a certificate. The court concluded that an accountancy act prohibiting uncertified persons from the practice of accountancy was in conflict with the spirit and express provision of the Constitution, and void, in "that it abridges the right of private property and infringes upon the right of contract in matters purely of private concern bearing no perceptible relation to the general or public welfare, and thereby tends to create a monopoly in the profession of accountancy for the benefit of certified accountants, and denies to uncertified accountants the equal protection of the laws and the enjoyment of the gains of their own industry." (233 P., at p. 691.) To the same effect is *Frazer* v. *Shelton* (1926) 320 Ill. 253 [150 N.E. 696].

In *Campbell* v. *McIntyre* (1932) 165 Tenn. 47 [52 S.W.2d 162], the court considered a statute which made it unlawful for an accountant to render his services in accounting work to more than one employer without first satisfying the Board of Accountancy of his qualifications for

performing such service and receiving its certificate. The court was of the opinion that the restriction was designed for the protection of accountants certified and licensed, and not for the protection of the public in general, and conferred upon this class a right to contract which was unreasonably withheld from others.

In *Florida Accountants Association* v. *Dandelake* (Fla. 1957) 98 So.2d 323 [70 A.L.R.2d 425], the court stated that the statute under consideration was void in that it prohibited noncertified accountants from doing routine accounting work except as employees of those holding certificates. The court held that so long as defendants, who were officers and members of the Florida Accountants Association, did not use the statutory title of " 'certified public accountant' " or " 'public accountant' " or any other designation that might mislead the public into believing that they held a certificate from the state board, such members had a right to work at their chosen profession and to call themselves " 'accountants' " rather than " 'bookkeepers.' "

In *Burton* v. *Accountant's Society of Virginia, Inc.* (1973) 213 Va. 642 [194 S.E.2d 684], the Supreme Court of Virginia considered the issue of whether a person could hold himself out to the public as an accountant if he were not a certified or registered public accountant. The court found that the Virginia statute which prohibited an unregistered or uncertified person from holding himself out as being a " 'certified public accountant' " or a " 'registered public accountant' " could not be invoked against a person who held himself out as merely an " 'accountant' " to the public.

In *Texas State Board of Public Accountancy* v. *Fulcher* (Tex.Civ.App. 1974) 515 S.W.2d 950, the court noted: "It is well settled that accounting is a highly skilled and technical profession that affects the public welfare, and which the state, in the exercise of its police power, may regulate." (*Id.*, at p. 954.) The court stated that since *State* ex rel. *Short* v. *Riedell, supra,* 233 P. 684, was decided there have been such far reaching developments thereby making the need to protect the public against fraud and deception as the consequences of ignorance or incompetence in the practice of most professions more of a necessity. Thus, the court held that the Texas statute prohibiting a person who does not have a valid permit from holding himself out as an " 'accountant' " to be constitutional.

It will be noted that most of the decisions of other states holding that accountancy is a matter of private concern in which the public has no concern are quite old and that the court's view of accountancy is changing.

It should be noted that in California there is no express prohibition, as there is in Texas, against using the term "accountant" or "accounting," if it is not used in conjunction with a term which connotes official endorsement.

However, *Texas State Board of Accountancy* v. *Fulcher* is important as it shows that the trend of courts is to view the profession of accountancy as changed since *Short, supra,* was decided and that accountancy is no longer a profession in which only its members are interested, but that it is a profession in which the public has an interest.

In *Davis* v. *Allen* (1957) 43 Tenn.App. 278 [307 S.W.2d 800], the court recognized as did the court in *Texas State Board of Accountancy* v. *Fulcher* that accountancy now embraces many intricate and technical matters and since it is a skilled and technical profession and affects the public welfare the state may properly regulate it. The court stated: "The State, under its police power, may pass laws to protect the public against fraud, deception, or the consequences of ignorance and incapacity, and may exact the requisite degree of skill and learning of persons in professions and pursuits which affect the public health or welfare, such as the practice of law, medicine and surgery, dentistry, chiropractic, optometry, nursing, pharmacy, architecture, accountancy, and even plumbing and barbering." (*Davis, supra,* at p. 802.)

Section 5051, subdivision (a), states that a person shall be deemed to engage in the practice of public accountancy "Who holds himself or herself out to the public in any manner as one skilled in the knowledge, science and practice of accounting, and as qualified and ready to render professional service therein as a public accountant for compensation; . . ." What does the public think when they see a company with the title "A-Accounting" advertising that name? Does not the very name connote that they are accountants ready and prepared to do accounting for the general public? The very name itself is a holding out to the public generally that the company is comprised of accountants who offer for compensation, "professional services that involve or require an audit, examination, verification, investigation, certification, presentation, or review, of financial transactions and accounting records; or . . . [¶] . . .

renders professional services to clients for compensation in any or all matters relating to accounting procedure and to the recording, presentation, or certification of financial information or data" (Bus. & Prof. Code, § 5051, subds. (c) and (e)), all of which the Accountancy Act prohibits a person or concern from holding himself out to do. It is not a case of whether one has the right to do these things, but merely that he has no right to hold himself out to the public as being able to perform them for the public.

The Attorney General on November 16, 1965 (46 Ops.Cal.Atty.Gen. 140) gave an opinion on this subject: Is a member of the public, not licensed as a certified public accountant or public accountant in violation of the Accountancy Act when he used the word " 'accounting' " on a building directory and his office door? The conclusion the Attorney General came to is the only logical conclusion. "The use of the word 'accounting' on a building directory and an office door by an unlicensed individual is a representation to the public that such individual is skilled in accounting and that the user is qualified and ready to perform professional services. Such a representation by an unlicensed individual is in violation of the Accountancy Act." (*Id.,* at p. 141.)

As the Attorney General further states: "While this section has not been judicially interpreted, in *Board of Dental Examiners* v. *Jameson,* 64 Cal.App.2d 614 (1944), the court in interpreting section 1625, subdivision (c) of the Dental Act [citation], which section is similar to section 5051 of the Accountancy Act, held that an unlicensed person who advertises that he is qualified and ready to render dental services was engaged in the practice of dentistry." (*Id.,* at p. 141.)

Thus, the use of the title "A-Accounting" like the use of the word "accounting" on the building directory and office door can only be interpreted to mean that he is representing to the public that he is skilled in the practice of accounting and is qualified and ready to provide accounting services to the public, a representation that an unlicensed person is prohibited from doing. The fact that the telephone company in its directory lists the "A-Accounting" firm under "public accountants" is itself some evidence of how the public is misled by this title.

By arguing that his conduct falls within the bookkeeping exemption contained in section 5052, appellant seeks to escape the provisions of the Accountancy Act. There is a great difference between bookkeeping and accounting. Had appellant advertised himself as "bookkeeper" or

"bookkeeping" instead of "accounting," he would have been well within the law.

2) ■ *The trial court properly granted the preliminary injunction.*

Appellant states that the granting of a preliminary injunction in the instant proceeding did not preserve the status quo of the parties as respondent sought to prevent appellant from using the word "accounting" in the business title of the company and on the stationery for the business and on any sign advertising the business. The granting of the preliminary injunction in a case such as the instant one will require appellant to take affirmative action to delete the word "accounting" from all places where the business title appears. Appellant relies upon the following statement found in *State Bd. of Barber Examiners* v. *Star* (1970) 8 Cal.App.3d 736, 738 [87 Cal.Rptr. 450]: "Generally, a preliminary injunctive order does not reach the merits of the permanent injunctive relief sought in the complaint. The court, at this stage, balances the equities of the parties and determines whether the defendants should be restrained from exercising the right claimed by them pending a trial on the merits. The general purpose is to preserve the status quo until the merits of the action are determined. The court considers who will bear the greater injury should the preliminary injunction be granted and whether a reasonable probability exists the plaintiff will prevail. (*Continental Baking Co.* v. *Katz,* 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].)" Appellant argues that a preliminary injunction should not issue unless it appears that great or irreparable injury would otherwise issue and that a preliminary injunction should not be granted in doubtful cases. (Code Civ. Proc., §§ 526, subd. 2, and 527.)

It is alleged in the complaint that appellant did engage in false and misleading advertising in violation of section 17500 in that the use of the term " 'accounting' " in the business title is deceptive and misleading in that it implies that appellant is licensed to practice public accounting. Section 17535 provides that false or misleading advertising "may be enjoined" in actions prosecuted by the Attorney General or any district attorney. Section 17535 and section 3369 of the Civil Code are both designed to restrain "future conduct" that is likely to deceive or mislead the public. (*Payne* v. *United California Bank* (1972) 23 Cal.App.3d 850, 855 [100 Cal.Rptr. 672].) Under section 17535 the drastic remedy of injunction may be granted if a person uses specific types of business practices that are deceptive and unfair on their face. (*Id.,* at p. 856.)

"The cases dealing with section 17500 have dealt with what is improper advertising. Under section 17500 a board is powerless to prohibit or restrict advertising which is not untrue or misleading. . . ." (*College of Psychological & Social Studies* v. *Board of Behavioral Science Examiners* (1974) 41 Cal.App.3d 367, 373 [116 Cal.Rptr. 128].)

However, as shown, appellant is carrying on practices which are deceptive and unfair on their face. The "status quo" referred to in *Star, supra,* is defined as " 'the last actual peaceable, uncontested status which preceded the pending controversy.' " (*United Railroads* v. *Superior Court* (1916) 172 Cal. 80, 87 [155 P. 463].) The pleadings clearly indicate a long history of appellant's contested use of the words "accountant" and "accountancy." The status quo to be established is that which existed before appellant started using the prohibited words.

In *Jaynes* v. *Weickman* (1921) 51 Cal.App. 696 [197 P. 672], an injunction was issued prohibiting a firm from using a disputed name. This was held to be prohibitory and not mandatory even though in order to comply it was necessary for the defendant to remove the offending name.

The pleadings indicate that great or irreparable harm to the public would result if the injunction were not granted as the public would continue to be misled into thinking that appellant is qualified to do public accounting. This would result in a great possibility of detrimental reliance on the part of the public and at the same time constitutes unfair competition and consequent harm to those who are licensed and entitled to practice certified public accountancy and public accountancy. Although appellant, under the injunction, is required to take affirmative action to remove words from his advertising, it like the injunction in *Jaynes, supra,* does not change the injunction from prohibitory to mandatory.

The preliminary injunction was proper.

Order affirmed.

Taylor, P. J., and Rouse, J., concurred.

On February 22, 1977, the opinion was modified to read as printed above.