390 So.2d 329 (1980)
Manuel JUNCO et al., Appellants,
v.
STATE BOARD OF ACCOUNTANCY, State of Florida, Appellees.
No. 57035.
Supreme Court of Florida.
September 18, 1980.
Rehearing Denied December 8, 1980.
*330 Arnold D. Levine of Levine, Freedman, Hirsch & Levinson, Tampa, for appellants.
Jim Smith, Atty. Gen., and Joseph W. Lawrence, II, Asst. Atty. Gen., Tallahassee, for appellees.
ADKINS, Justice.
This is an appeal from an order of the Circuit Court in and for Leon County granting a motion to dismiss with prejudice appellants' complaint for declaratory judgment and injunctive relief. In dismissing the cause, the trial court passed on the constitutionality of section 473.08(2), Florida Statutes (1977). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellants sought licensure as Certified Public Accountants (CPA) in Florida but were denied CPA status for failure to qualify under the statutory guidelines. Section 473.08(1) lists qualifications needed to take the CPA examination. Subsection 2 states that a person who successfully completes the examination shall be licensed if he:
(a) Shall have attained the age of 18 years; and
(b) Shall have been domiciled in this state continuously for at least 6 months; and
(c) Shall have completed 1 year of employment in the office of a Florida practitioner or an out-of-state practitioner or shall have successfully completed an additional 1-year accounting course at an accredited college or university... .
There are two so-called "exceptions" to paragraph 2(c) which in fact merely allow those persons who work for one year as an accountant in the accounting department of the Public Service Commission (PSC) and those who work for a year as an accountant or post-auditor for the state auditor general to receive a certificate. § 473.08(2)(c)(1), (2), Fla. Stat. (1977). Appellants have successfully taken the CPA examination and completed all requirements except those listed in section 473.08(2)(c). Their employment has been with the Internal Revenue Service instead of the PSC or state auditor general. The Florida State Board of Accountancy (Board) denied appellants' application for failure to satisfy paragraph 2(c) so appellants filed a complaint alleging that the statute denied them equal protection of the law. The trial court dismissed the complaint with prejudice whereupon an appeal was filed in the district court. The cause was transferred to this Court after the trial court, in response to a question from the district court, specifically ruled that it had upheld the constitutionality of section 473.08(2)(c), Florida Statutes (1977) in dismissing the complaint with prejudice.
The Board predicated its motion to dismiss on lack of jurisdiction for failure to exhaust administrative remedies, lack of standing for failure to allege harm to appellants, and lack of sufficient allegations of ultimate fact to state a cause of action. *331 The principle underlying the exhaustion requirement is inapplicable where adequate remedies do not abide within the administrative sphere. See Adams Packing Association v. Dept. of Citrus, 352 So.2d 569 (Fla. 2d DCA 1977); State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976). Furthermore, the jurisdiction of the circuit court to resolve constitutional issues is unaffected by the Administrative Procedure Act and remains a "necessary concomitant of the judicial power vested in the circuit courts by article V, sections 1 and 5 of the Constitution." 344 So.2d at 590. This is not to say that a party is free to circumvent the administrative act by conjuring up constitutional claims. Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla. 1978); Metropolitan Dade City v. Dept. of Commerce, 365 So.2d 432 (Fla. 1st DCA 1978).
In the proceeding at bar the appellants tacitly admit they have not complied with some of the statutory requirements. They contend that this precludes their application and denies them equal protection in that it arbitrarily and capriciously discriminates against persons of equal education and employment background. Further agency action would be futile in this case as the appellants simply have not satisfied present statutory requirements.
The state's authority to regulate professions is derived from its police powers and may be exercised to promote the public health, safety, morals or general welfare. Sullivan v. DeCerb, 156 Fla. 496, 23 So. 571 (1945). Regulation of the practice of public accounting by a certification requirement for those who wish to practice as certified public accountants in Florida has been upheld as a legitimate exercise of the police power. Mercer v. Hemmings, 170 So.2d 33 (Fla. 1964); Florida Accountants Association v. Dandelake, 98 So.2d 323 (Fla. 1957), 70 A.L.R.2d 425; Heller v. Abess, 134 Fla. 610, 184 So. 122 (1938). It is true that the guaranty of equal protection of the laws may operate as a limitation on the state's exercise of its police powers. Blitch v. Ocala, 142 Fla. 612, 195 So. 406 (1940). This is not to say that legislation enacted pursuant to the police power must apply equally and uniformly to all. Selby v. Bullock, 287 So.2d 18 (Fla. 1973). It is sufficient if the classifications created are reasonable and practicable, bearing a rational relation to the governmental purpose to be served. Florida State Board of Dentistry v. Mick, 361 So.2d 414 (Fla. 1978); Miami Beach v. Cohen, 47 So.2d 565 (Fla. 1950). Legislation which operates to discriminate arbitrarily or oppressively will, of course, be deemed an unreasonable exercise of the police power and therefore held void as unconstitutional. State v. Lee, 356 So.2d 276 (Fla. 1978).
The purpose of chapter 473 is to ensure that "only those persons who meet the high standards of proficiency established by the statute and the Board may practice as certified public accountants in this state." 170 So.2d at 39. This goal should be viewed in light of the general statutory expression of legislative intent to preserve the public health, safety and welfare. § 455.001(2), Fla. Stat. (1977).
In Mercer v. Hemmings this Court held that out-of-state accountants whose certification requirements were equivalent to those required in Florida could not be barred from practicing here by impossible residence and clerkship prerequisites. There is no such arbitrary exclusion in the present statute. It is entirely within the legislature's prerogative to require a year's employment with a Florida or out-of-state practitioner as one of the conditions precedent to certification. We observe that the clerkship may even be supplanted by an additional year of study in accounting at an accredited college or university. § 473.08(2)(c), Fla. Stat. (1977). The so-called "exceptions" for persons who work for the Public Service Commission or auditor general are in fact only specific instances of how a person may satisfy the requirement of a year's employment with a Florida practitioner since both subsections require that the work be done under the supervision of a *332 certified public accountant in those departments. See § 473.011(1) and (2), Fla. Stat. (1977).
Appellants argue that their employment with the Internal Revenue Service, a federal job, is the equivalent of working with the Public Service Commission or auditor general, and that they therefore deserve certification. We cannot agree that the fact of employment in the federal system necessarily qualifies a person under Florida law to practice public accounting in this state. Cf. State ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962) (fact that a person was licensed to practice before the United States Patent Office did not give him right to practice as a patent attorney in Florida).
The order of the trial court is affirmed on the basis that the statute is facially within the constitutional guaranty of equal protection of the laws.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.