NESBITT, Judge.
This is an appeal from a preliminary injunction entered after notice and hearing as required by Florida Rule of Civil Procedure 1.610(a) whereby the State Board of Medical Examiners was enjoined from conducting a disciplinary hearing involving one of its licensed physicians. We have jurisdiction to review the non-final order granting an injunction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
Through a verified complaint for declaratory judgment, the physician raised several issues as to the constitutionality of the manner in which he was proceeded against by the board. A temporary restraining order was issued on the basis of the board’s alleged failure to provide notice prior to the institution of agency proceedings as required by Section 120.60(6), Florida Statutes (1979).
In order for the circuit court to obtain jurisdiction to issue an injunction, it must first be shown that there is no adequate remedy at law. Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978). Our review of the complaint as amended, together with the record of the proceedings before the circuit court, fails to demonstrate that an adequate remedy is not provided by Section 120.68(2), Florida Statutes (1979). However, an exception exists which allows the circuit court to obtain jurisdiction to enjoin enforcement of facially unconstitutional rules. Junco v. State Board of Accountancy, 390 So.2d 329 (Fla.1980); Gulf Pines, supra. “This is not to say that a party is free to circumvent the administrative act by conjuring up constitutional claims.” Junco, supra, at 331.
The alleged violation relied upon by the physician is not one which we deem to be of a constitutional dimension. The allegation that he was denied a good cause hearing as required by statute is not an attack on the facial constitutionality of Section 120.60(6), supra, but rather objects to the way in which the statute was applied. Since it is not a constitutional argument as contemplated by the exception, the circuit court did not have jurisdiction to enter the temporary restraining order. Moreover, the record demonstrates that the disciplinary proceeding which was allegedly commenced without a good cause hearing had been pending for sixteen months before the physician raised the issue of the failure to afford, a hearing. Under our decision in Palacios v. Florida Department of Insurance, 395 So.2d 243 (Fla.3d DCA 1981), the failure to timely raise the denial of a good cause hearing constitutes a waiver of the benefit of the statute.
The physician nonetheless attempts to support the preliminary injunction appealed from by contending that his amended complaint raised other questions demonstrating an abridgment of his constitutional rights. Our review of the record indicates that the physician failed to satisfy the requirement for an injunction that there be a real and substantial likelihood of prevailing on the merits. Under our decision in Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Provende, Inc., 399 So.2d 1038 (Fla.3d DCA 1981), the judicially created prerequisites to obtain an injunction were not satisfied as to these vague constitutional questions.[1]
*288 Accordingly, the preliminary injunction appealed from is reversed with directions to dismiss the amended complaint for declaratory judgment.

. By this opinion, we expressly refrain from resolving any constitutional questions which may have been raised by the administrative proceeding. We note that, pursuant to Section *288 120.68(2), Florida Statutes (1979), the physician will be free to develop and present to the district court of appeal any constitutional claims if he is ultimately aggrieved by agency action. Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980).