409 So.2d 530 (1982)
Steven M. ORTEGA, Appellant,
v.
OWENS-CORNING FIBERGLAS CORPORATION, et al., Appellees.
No. AC-28.
District Court of Appeal of Florida, First District.
February 10, 1982.
*531 John D. Rawls, Jacksonville, for appellant.
John K. Aurell of Holland & Knight, and Thomas A. Waddell of Boyd, Harris and Smith, P.A., Tallahassee, for appellees.
ROBERT P. SMITH, Jr., Chief Judge.
Ortega sustained an accidental injury arising out of and in the course of his employment. Disavowing his workers' compensation remedy, chapter 440, Florida Statutes (1981), he sued his employer in circuit court seeking a declaratory judgment that chapter 440 as amended in 1979 is unconstitutional on various grounds and demanding money damages for injuries alleged to have been caused by his employer's negligence. The circuit court dismissed Ortega's complaint, saying the constitutional questions could be carried to the district court of appeal in the natural course of Ortega's administrative claim for chapter 440 benefits, and that it was appropriate in those circumstances to abstain from judging Ortega's constitutional claims. The circuit court relied on State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977) and Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980). Ortega appeals.
Willis of course prohibited collateral judicial intrusion into administrative disputes involving nonconstitutional issues for which chapter 120 offers available and adequate decisional remedies. Rice, together with Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Fund, 400 So.2d 66 (Fla. 1st DCA 1981), counseled judicial adherence to the principle of exhaustion of administrative remedies even in the presence of a constitutional question, when it is made to appear that a district court of appeal can effectively decide that question, if necessary, upon an appeal from the agency's decision on nonconstitutional issues. Accord, Solimena v. State Department of Business Regulation, 402 So.2d 1240, 1245 n. 6 (Fla. 3d DCA 1981). But because the circuit court's jurisdiction or power to decide constitutional questions is undiminished by chapter 120,[1] the decision to abstain, like other judgments, must realistically assess the facts, in this case the availability and adequacy of chapter 120 processes to provide an effective remedy on nonconstitutional or, if necessary, constitutional grounds.
Reluctant as we are to question a circuit judge's decision to abstain on matters thought to be cognizable under chapter 120, we find no basis for thinking that Ortega's constitutional claims can effectively be yoked with a compensation claim and thus be carried through the administrative system to a district court in the fashion described in Rice, Key Haven, and Solimena. *532 For essentially two reasons we must return Ortega's complaint for declaratory and other relief to the circuit court for resolution.
First, chapter 120 offers factfinding and other resources to a district court of appeal, for review of constitutional as well as nonconstitutional issues in the interpretation of statutes, which simply are unavailable in chapter 440 appeals to this Court. Section 440.021, Florida Statutes (1981), exempts proceedings on workers' compensation claims from chapter 120. Therefore, while deputy commissioners function only as adjudicative officers in a traditional sense, a chapter 120 agency may be required to explore the factual assumptions on which its accustomed interpretation of a statute is predicated, if that may help the agency or court avoid a possibly unconstitutional interpretation. Rice, 386 So.2d at 850. In respect to nonconstitutional questions, too, such an agency may be required to adduce conventional proof in support of its preferred policy choice within the statutory bounds, preliminary to a district court deciding the issue as a matter of law or deferring to the agency in the formulation of policy. E.g., Cenac v. Florida State Board of Accountancy, 399 So.2d 1013, 1018 (Fla. 1st DCA 1981); School Board of Leon County v. Hargis, 400 So.2d 103 (Fla. 1st DCA 1981). No comparable resources are available to this Court in reviewing latent constitutional questions on workers' compensation appeals from orders of the deputy commissioners.
And second, Ortega's constitutional claims in this case cannot be considered as complementing a chapter 440 claim cognizable by a deputy commissioner. Ortega's constitutional claims are inconsistent with and in derogation of the compensation claim that is his only means of entry to the proceedings that must be relied on to bring his constitutional claim to this Court. In that respect Ortega's constitutional claim is unlike those we have considered in other workers' compensation cases where the constitutional claim did not negate the deputy commissioner's chapter 440 power to act at all in the premises. See Miami-Dade Water & Sewer Authority v. Cormio, 388 So.2d 1238 (Fla. 1st DCA 1979), aff'd sub nom. Rollins v. Southern Bell Telephone and Telegraph Co., 384 So.2d 650 (Fla. 1980), deciding the constitutionality of legislation assigning all compensation appeals to this Court; and Carr v. Central Florida Aluminum Products, Inc., 402 So.2d 565 (Fla. 1st DCA 1981), deciding the constitutionality of certain statutory reductions in compensation benefits, where claimant alternatively requested reactivation of the pre-1979 legislative scheme or remission to his common law remedies in circuit court.[2] Here, in contrast to those cases, Ortega assails chapter 440 as a whole and asks for nothing that a deputy commissioner is empowered to grant. In no sense, therefore, is Ortega's claimed remedy available in chapter 440 proceedings before a deputy; in no sense are the proceedings authorized by chapter 440 adequate to resolve Ortega's claim for common law money damages.
Because "the principle underlying the exhaustion requirement is inapplicable where adequate remedies do not abide within the administrative sphere,"[3] we REVERSE the circuit court's order dismissing Ortega's complaint for declaratory and other relief and REMAND the case for disposition.
LARRY G. SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Junco v. State Board of Accountancy, 390 So.2d 329, 331 (Fla. 1980); Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla. 1978); Willis, 344 So.2d at 590.
[2] Judge Wentworth's dissent in Carr doubted that Carr's claim for pre-1979 compensation benefits was sufficiently substantial to serve as a genuine basis for a chapter 440 proceeding before a deputy, the predicate for our deciding the constitutional question on appeal.
[3] Junco, supra n. 1, 390 So.2d at 331. See also Gulf Pines, 361 So.2d at 699; Willis, 344 So.2d at 591.