SHARP, Judge.
Lambert, a principal in the Marion County School District, and the Marion County School Board (School Board), appeal from a non-final order of the circuit court which enjoined them from conducting a hearing pursuant to section 120.565, Florida Statutes (1983), to determine whether Lambert had a one or a three year contract of employment with the School Board. Rogers, the elected superintendent of the school district, filed the suit pursuant to the Declaratory Judgments Act, Chapter 86, Florida Statutes (1983), seeking to halt the administrative hearing because he claims the School Board lacks jurisdiction to determine Lambert’s employment status. We disagree and quash the injunction.
In April of 1979, Lambert was employed by the School Board as a principal of Vanguard High School in Ocala, Florida, for a three year term. The Board acted on a group of other three year contracts at the time Lambert’s was approved. They were all expressly stated as being for a three year term, although apparently Lambert was reappointed annually during each of the three years of the term of the first contract.
However, in April of 1982, when a group of contracts including Lambert’s were approved by the School Board, there was no express notation as to their length of terms. In January of 1983, Rogers gave Lambert a written one year contract and in February he notified Lambert that he would not recommend Lambert for reappointment after June of 1983.
Lambert took the position that he had been employed for a three year term and that he could not be terminated by the School Board unless it proceeded to dismiss him for cause after a- hearing pursuant to sections 231.36(1) and (6), Florida Statutes (1983). He filed a petition for declaratory statement and requested a hearing under section 120.57, Florida Statutes (1983), to determine his rights under his contract of employment.[1] In essence, Lambert requested a statement as to whether the School Board’s rules regarding termination of employment during the term of the contract apply, or whether the rules regarding non-renewal of expiring contracts apply. *674 The School Board published a notice of petition for declaratory statement and hearing on March 18, 1983, setting the hearing date for April 5, 1983.
Rather than seeking to intervene in the administrative proceeding,[2] Rogers sought to have it halted so that the question of Lambert’s contract status would be determined by the circuit court rather than by the School Board. No testimony was taken prior to issuance of the injunction. Rogers merely argued that the question posed to the School Board was one of law and beyond its jurisdiction to decide, and that irreparable harm would occur if he recommended another principal to replace Lambert as he was legally required to do under section 230.23(5)(a), Florida Statutes (1983). The replacement or his recommendation could create rights to the position for which there might be duplicate liability.
We question whether this record is sufficient to justify the issuance of an injunction. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (1946); Swenson v. Lofton, Case No. 83-2517 (Fla. 2d DCA May 25,1984) [1984 F.L.W. 1165]; Department of Professional Regulation v. Fernandez-Lopez, 407 So.2d 286 (Fla. 3d DCA 1981); Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Provende, Inc., 399 So.2d 1038 (Fla. 3d DCA 1981) (Irreparable harm was not shown by bare pleading and mere liability for damages was not a cause for an injunction.) But beyond that, we think the circuit court improperly halted an administrative proceeding that was expeditiously headed toward resolving the issues between the parties. Before any court can conclude that the School Board will exceed its powers by offering Lambert a contract without the superintendent’s initial recommendation, under section 230.-23(5)(a), the initial question of the length of Lambert’s contract with the School Board must be answered.[3] Until the administrative procedure is complete, it is prematurely brought for resolution or appeal to the courts. Brooks v. School Board of Brevard County, 382 So.2d 422 (Fla. 5th DCA 1980).
If the School Board decides this is a one year contract, the court should not assume it will act without Rogers’ recommendation. If it decides it is a three year contract, then Rogers may accept that determination and not recommend a successor or he may appeal the agency’s action.[4]
Generally, where adequate administrative remedies are available, it is improper to seek relief in the circuit court.[5] Absent some extraordinary circumstances, when an administrative proceeding is already pending involving the same issues brought to the circuit court in a declaratory judgment action, and the administrative procedures are adequate to resolve the dispute, the court should not intervene. Griffin v. St. Johns River Water Management District, 409 So.2d 208 (Fla. 5th DCA 1982); School Board of Leon County v. *675 Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 132 (Fla.1978).
The record in this case establishes no exception to the general rule. Gulf Pines Memorial Park, Inc. v. Oak Lawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978); Communities Financial Corporation v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982). We do not find the School Board lacks general authority to answer the question posed to it by Lambert;[6] nor does the Administrative Procedure Act fail to provide a remedy which is adequate and timely; [7] nor has the School Board embarked on a patently unconstitutional course of conduct,[8] pursuant to an unconstitutional rule or statute. See Junco v. State Board of Accountancy, 390 So.2d 329 (Fla.1980).
Accordingly, we quash the injunction and remand with directions to dismiss the declaratory action.
REVERSED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. The School Board has adopted rule 6GX42-1.-34, which formulates procedures for handling requests for declaratory statements, as prescribed by the APA. Lambert complied with all of the requirements of the rule.

. We think rule 28-5.207 of the Florida Administrative Code gives the superintendent the right to intervene in these proceedings. It provides: “Persons other than the original parties to a pending proceeding who have a substantial interest in the proceedings, and who desire to become parties may petition the presiding officer for leave to intervene.” Although the School Board’s Rule 6GX42.134(2) does not provide for intervention, we think model rule 28-5.207 continues to compliment the School Board’s rule where, as in this case, it has not adopted a comprehensive set of procedural rules.

. See Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla.1961); Witgenstein v. School Board of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977).

. §§ 120.52(1 l)(c) & .68(1), Fla.Stat. (1983); see Greene v. School Board of Hamilton County, 444 So.2d 500 (Fla. 1st DCA 1984).

. Communities Fin. Corp. v. Florida Dep't of Envtl. Regulation, 416 So.2d 813 (Fla. 1st DCA 1982); State ex rel. Dep’t of Gen. Servs. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). The determination of whether a particular controversy should be decided by the circuit court or by the administrative agency, is in essence, not a question of power and jurisdiction, but rather one of policy. Gulf Pines Memorial Park, Inc. v. Oak Lawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978).

. State Dep't of Envtl. Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (Fla. 1st DCA 1982).

. Department of Transp. v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977); Willis.

.See Department of Professional Regulation v. Fernandez-Lopez, 407 So.2d 286 (Fla. 3d DCA 1981); Metropolitan Dade County v. Dep’t of Commerce, 365 So.2d 432 (Fla. 3d DCA 1978).