ALLEN, Judge.
The appellant, Edward Elbert Clark, appeals a final order of the Board of Professional Geologists (“Board”) denying his application for licensure as a professional geologist. He challenges the constitutionality of Sections 492.105(l)(d)(2) and 492.-111(1), Florida Statutes (1989), and contends that the Board’s denial of his application was an abuse of its discretion. We are unpersuaded by the appellant’s arguments, but we find the constitutional issues worthy of brief discussion.
The appellant has been a licensed professional engineer in the State of Florida for over twenty years. Years ago, he received a B.S. degree in civil engineering from Tennessee Technological University, an M.S. *60 degree in civil engineering from Vanderbilt University and a Ph.D. degree in engineering from the University of Massachusetts. Currently, he is the president of a firm known as Edward E. Clark Engineers-Scientists, Inc., which specializes in the practice of environmental engineering. The firm employs engineers, chemists, ecologists and at least one “semi-retired” geologist. In 1987, the Florida legislature enacted Chapter 492, Florida Statutes, which requires that persons practicing geology in the state be licensed professional geologists. Thereafter, the appellant determined that he should procure a geology license in order to continue his business operations. According to the appellant, after enactment of Chapter 492, various federal, state and local agencies began requiring a professional geologist’s signature on permit applications which were previously acceptable with the signature of a professional engineer.
Section 492.105(1), Florida Statutes, provides that persons desiring to be licensed as professional geologists must apply to take an examination designed to test their qualifications. The examination is to be given only to those applicants who have paid the requisite fees, are at least 18 years of age, have not committed any offense which would be grounds for discipline if committed by a professional geologist, and fulfill specified educational and experience requirements. See Section 492.105(l)(a) through (e). The educational requirements are set out in Section 492.105(l)(d) which provides that examinees must
Fulfillf] the following educational requirements at a college or university the geological curricula of which meet the criteria established by an accrediting agency recognized by the United States Department of Education:
1. Graduation from such college or university with a major in geology or other related science acceptable to the department; and
2. Satisfactory completion of at least 80 semester hours of geological courses, 24 of which must be at the third or fourth year or graduate level.
Section 492.105(2) provides that applicants for licensure “meeting the other requirements of this section may be licensed without written examination if application is made in proper form within 1 calendar year of October 1, 1987.” Seeking to obtain a license without taking the examination, the appellant submitted his application pursuant to this so-called grandfather clause. In an attempt to satisfy the Board that he met the educational criteria set out in Section 492.105(l)(d), the appellant presented, inter alia, opinion testimony from the chairmen of the civil engineering departments at each of the three universities that he attended. These educators opined that in pursuit of his engineering degrees, the appellant took the equivalent of 66.4 semester hours of geological courses, 36 hours of which were at the graduate level. In its final order denying the appellant’s application for licensure, the Board implicitly rejected the appellant’s evidence, concluding that he had not demonstrated his satisfactory completion of the requisite “geological courses.”
We can find no constitutional infirmity in the statute’s requirement that an applicant seeking licensure as a professional geologist have completed at least 30 semester hours of geological courses. A legislative enactment may be overturned on due process grounds only when it is clear that it is not in any way designed to promote the people’s health, safety or welfare, or where it appears that the statutory provision under attack bears no reasonable relationship to the statute’s avowed purpose. Department of Ins. v. Dade County Consumer Advocate’s Office, 492 So.2d 1032, 1034 (Fla.1986). Chapter 492 was enacted “to safeguard the life, health, property, and public well-being of [the state’s] citizens.” See Section 492.101, Florida Statutes. Clearly, the legislature has a legitimate interest in protecting the public from the consequences of unethical or substandard conduct by geologists. Cf. Florida Real Estate Comm’n v. McGregor, 336 So.2d 1156, 1158-59 (Fla.1976). A requirement that applicants for licensure have satisfactorily completed a course of study of specified length before they may *61 demonstrate their competency in an examination appears rationally related to the statute’s goal of insuring, through an efficient regulatory mechanism, that persons practicing geology in Florida will be qualified. The state’s regulation of highly skilled and technical professions has been upheld as a legitimate exercise of the state’s police power. Mercer v. Hemmings, 170 So.2d 33, 39 (Fla.1964); Junco v. State Bd. of Accountancy, 390 So.2d 329, 331 (Fla.1980). Moreover, the state’s power to regulate and control the various professions has been held to include the power to prescribe educational standards for those persons seeking to practice professions in this state. State ex rel. Kaplan v. Dee, 11 So.2d 768, 769 (Fla.1955).
The appellant’s attack on the constitutionality of Section 492.105(l)(d)2, as applied to him, fares no better. The record does not demonstrate that the statute’s educational requirement is arbitrary, unreasonable or oppressive in its impact upon the appellant’s right to practice his profession. On the contrary, as noted above, the educational requirement appears to be a reasonable one designed to protect the public interest. Section 492.105(1), in effect, creates a presumption that a person who has completed 30 semester hours of geological courses (and has at least 7 years of professional work experience) will be competent to take the licensure examination. It is not for this court to say that a person who studies geological subjects while pursuing degrees in engineering is necessarily similarly qualified.[1] See Junco, 390 So.2d 329, 332 (a person’s employment with the Internal Revenue Service does not necessarily qualify him to practice public accounting in Florida).
The fact that the appellant sought licensure under the statute’s grandfather clause set out in Section 492.105(2)(c) does not alter our analysis. Though some grandfather clauses in licensing statutes exempt from regulation those persons who have practiced the profession over a period of time, on the theory that such persons may be presumed to have the qualifications which others must manifest by passing an examination, Eslin v. Collins, 108 So.2d 889, 890 (Fla.1959), the grandfather clause in this statute exempts from the examination requirement only those persons who satisfy both the experience and educational requirements identified in Section 492.-105(1). The fact that the appellant has heretofore performed the work of a geologist (and presumably satisfies the experience criterion) does not give him a vested right to continue that work without demonstrating his competence under the new regulatory standards. The appellant references no authority requiring the state to “grandfather in” everyone who does not meet the standards set out in new regulatory legislation, and we have been unable to find any. See Brown v. State Bd. of Examiners of Psychologists, 190 Ga.App. 311, 378 S.E.2d 718, 720 (1989).
Finally, we do not reach the appellant’s argument concerning the constitutionality of Section 492.111(1), which requires persons offering geological services to the public through a firm or corporation to have at least one professional geologist as a principal officer of the firm, because that section was not involved in the licensing proceeding below and the issue is therefore not properly before us. For all of the foregoing reasons, the Board’s final order denying the appellant’s application for li-censure is AFFIRMED.
ERVIN and NIMMONS, JJ., concur.

. Notably, sometime after the appellant's final hearing, the Board promulgated Rule 21DD-5.002, Fla.Admin.Code Ann. (1990), which describes how an applicant may demonstrate his satisfactory completion of the necessary 30 semester hours of geological courses.