680 So.2d 1103 (1996)
S. Clark BUTLER and Florida Home Builders Association, Appellants,
v.
STATE of Florida, DEPARTMENT OF INSURANCE; Chicago Title Insurance Company; American Pioneer Title Insurance Company; Florida Land Title Association; Attorneys' Title Insurance Fund, Inc.; Florida Association of Independent Title Agents; and Stewart Title Guaranty Company, Appellees.
No. 95-4214.
District Court of Appeal of Florida, First District.
October 11, 1996.
*1104 Thomas J. Guilday and Vikki R. Shirley of Huey, Guilday & Tucker, Tallahassee, for appellant S. Clark Butler.
Robert M. Rhodes and Cathy M. Sellers of Steel Hector & Davis, Tallahassee, for appellant Florida Homes Builders Association.
S. Marc Herskovitz of Division of Legal Services, Department of Insurance, Tallahassee, for appellee Department of Insurance.
Zollie M. Maynard, Jr. and William C. Owen of Panza, Mauer, Maynard & Neel, P.A., Tallahassee, for appellee Chicago Title Insurance Company.
William H. Hughes, III and Kevin X. Crowley, of Cobb Cole & Bell, Tallahassee, for appellee American Pioneer Title Insurance Company.
Davisson F. Dunlap, Jr. of Pennington, Culpepper, Moore, Wilkinson, Dunbar & Dunlap, P.A., Tallahassee, for appellee Stewart Title Guaranty Co.
KAHN, Judge.
We have on appeal a final order of the Circuit Court dismissing an amended complaint filed by appellant, S. Clark Butler. Butler, joined by the Florida Home Builder's Association, challenged the constitutionality of Rule 4-186.003(13)(a), Florida Administrative Code, and sections 626.9541(1)(h)3.a., 626.611(11) and 626.572, Florida Statutes (1993). The circuit judge dismissed the amended complaint for failure to exhaust administrative remedies. We reverse because the circuit court is the proper forum in which to initiate the particular facial challenge raised by appellants.
Butler is a Florida builder and developer who routinely purchases title insurance policies through agents of title insurance companies for commercial property. He has attempted on occasion to negotiate a reduction *1105 in the agent commission portion of the title insurance premium to obtain title insurance at a lower cost. However, agents have been unable to negotiate because certain provisions of the Florida Insurance Code prohibit rebating the premium.
By statute, title insurers must retain no less than 30% of the premium for policies sold by agents. § 627.782(1), Fla.Stat. (1993). The remaining 70% of the premium is paid to the title insurance agent. Butler filed an action seeking to establish a consumer's right to negotiate a rebate or abatement of the portion of the premium that a title insurance agent receives as commission for the sale of title insurance. He initially sought declaratory relief against the Department of Insurance, requesting a judicial declaration of the constitutionality of Florida Administrative Code Rule 4-186.003(11)(i). Butler claimed that Rule 4-186.003(11)(i), which prohibited title insurers or title agents from rebating or abating the risk premium on title insurance, violated Article I, s. 9 of the Florida Constitution because the rule denied due process of law by preventing price competition in the absence of any legitimate state interest. On April 6, 1994, the Department filed a motion to dismiss the complaint, challenging appellant's standing and charging that appellant had failed to seek an adequate administrative remedy provided by Chapter 120, Florida Statutes. Following a hearing, the circuit court entered an order denying the motion to dismiss.
After the first hearing, the following parties moved to intervene in the action as party-defendants: Florida Land Title Association, Inc.; Chicago Title Insurance Company; Attorneys' Title Insurance Fund; American Pioneer Title Insurance Company; Florida Association of Independent Title Agents, Inc.; Stewart Title Guaranty Company. The Florida Home Builders Association moved to intervene as a party-plaintiff. These parties were allowed to intervene. The Real Property, Probate and Trust Law Section of The Florida Bar appeared as amicus curiae.
On June 30, 1995, Butler filed an amended complaint to reflect recent changes in the numbering and substance of Rule 4-186.003(11)(i).[1] Appellant also included in the amended complaint a challenge to the constitutionality of sections 626.9541(1)(h)3.a., 626.611(11), and 626.572, Florida Statutes (1993), citing basically the same reasons as those cited in challenging the rule. Section 626.9541(1)(h)3.a.[2] prohibits a title insurance agent from giving an unlawful rebate or abatement of the agent's commission. Florida Administrative Code Rule 4-186.003(13)(a)[3] implements that section by likewise prohibiting illegal rebates. Section 626.611(11) provides for disciplinary action against any agent who unlawfully rebates or divides a commission with another. Section 626.572 appears to allow agents to lawfully *1106 rebate a portion of their commission if the rebate satisfies the criteria set forth under that section; however, subsection (1)(d) allows an insurer to prohibit their agents from rebating commissions.
The Department of Insurance and the intervenors filed a motion to dismiss the amended complaint on July 17, 1995, claiming that appellant lacked standing and had failed to exhaust available and adequate administrative remedies. After a hearing on October 23, 1995, the circuit court dismissed the amended complaint without prejudice for failure to exhaust administrative remedies. This appeal ensued.
We find that this constitutional challenge focuses upon the facial validity of the anti-rebate statutory scheme as set forth in sections 626.9541(1)(h), 626.611(11)[4] and 626.572, Florida Statutes (1993)[5] and Rule 4-186.003(13)(a), Florida Administrative Code. Accordingly, the circuit court is the proper forum in which to initiate the action.
In Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982), the court examined the determination of the forum for rule challenges involving constitutional questions. The supreme court explained that if the rule challenge is based on (1), the facial unconstitutionality[6] of an agency rule where an adequate administrative remedy is available, or (2), on an unconstitutional application of a statute or agency rule, the circuit court should refrain from entertaining the action. In these instances, administrative proceedings should be exhausted so that the agency may, in the context of the administrative process, make the modifications necessary to render the final agency order constitutional.
"If the statute being implemented by an agency is claimed to be facially unconstitutional, the circuit court may, in appropriate circumstances, entertain a declaratory action on the statute's validity." Id. at 157; see Department of Rev. v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976); see also Occidental Chemical Agricultural Products v. State of Florida, Dep't of Envtl. Reg., 501 So.2d 674 (Fla. 1st DCA 1987) (circuit court could properly exercise jurisdiction over constitutional challenge to agency rule determined to be a statute, but had an ordinary agency rule been at issue, administrative remedies would have to have been exhausted); Junco v. State Bd. of Accountancy, 390 So.2d 329, 331(Fla.1980)("The principle underlying the exhaustion requirement is inapplicable where adequate remedies do not abide within the administrative sphere. (citations omitted) ... Furthermore, the jurisdiction of the circuit court to resolve constitutional issues is unaffected by the Administrative Procedure Act and remains a `necessary concomitant of the judicial power vested in the circuit court by article V, sections 1 and 5 of the Constitution.'" (citing State ex rel. Dep't of General Services v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977)). Key Haven recognized that "when the administrative proceedings can have no effect on the constitutional issue to be presented to the circuit court `it would be pointless to require applicants to endure the time and expense of full administrative proceedings.' "427 So.2d at 157 (citing Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla.1978)); *1107 accord Smith v. Willis, 415 So.2d 1331 (Fla. 1st DCA 1982). As the parties acknowledge, the Division of Administrative Hearings has no jurisdiction to dispose of constitutional issues in a proceeding to determine the validity of a rule under section 120.56(1), Florida Statutes (1993). See Cook v. Florida Parole and Probation Comm'n, 415 So.2d 845 (Fla. 1st DCA 1982); Department of Rev. v. Magazine Publishers of America, Inc., 604 So.2d 459, 462, n. 3 (Fla.1992).
The focus of the instant case is the constitutionality of the underlying statutes. See Department of Ins. v. Dade County Consumer Advocate's Office, 492 So.2d 1032 (Fla. 1986).[7] Appellants neither argue an invalid exercise of delegated authority nor attempt to circumvent the administrative act by conjuring up constitutional claims as prohibited by Junco, 390 So.2d at 331 and Gulf Pines, 361 So.2d at 699. Under the peculiar circumstances of this case, a Chapter 120 challenge to the rule would not serve any salutory purpose identified by Key Haven. The Department could not, for instance, simply reevaluate and redraft the rule under the scrutiny of an administrative proceeding as apparently another state agency did in Rice v. Department of H.R.S., 386 So.2d 844 (Fla. 1st DCA 1980). Appellants' focus here is upon the statutes themselves.
Appellees' alternative claim that appellants could seek a rate deviation under section 627.783(1), Florida Statutes, also fails because access to the rate deviation procedure outlined in section 627.783(1) is limited to title insurers and agents, classes that do not include appellants. An administrative remedy must be "both readily available and adequate." Lewis Oil Co. v. Alachua County, 496 So.2d 184, 188 (Fla. 1st DCA 1986); Junco v. State Bd. of Accountancy, 390 So.2d at 331. "Where the party seeking to bypass usual administrative channels can demonstrate that no adequate remedy remains available," then the circuit court is the proper forum in which to bring a claim. Key Haven, at 157 (quoting Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978)).
REVERSED and REMANDED.
BARFIELD, C.J., and DAVIS, J., concur.
NOTES
[1] Recent amendments to Rule 4-186.003(11)(i) changed the number of the rule to 4-186.003(13)(a). The substance of the rule was changed as well, and now prohibits only "illegal" rebating or abating of risk premiums by title insurers or title insurance agents. See n. 3, infra.
[2] Section 626.9541(1)(h)3.a. provides:

(1) Unfair Methods of Competition and Unfair or Deceptive Acts.The following are defined as unfair method of competition and unfair or deceptive acts or practices: ...
(h) Unlawful rebates.
3.a. No title insurer, or any member, employee, attorney, agent, or solicitor thereof, shall pay, allow or give, or offer to pay, allow, or give, directly or indirectly, as inducement to title insurance, or after such insurance has been effected, any unlawful rebate or abatement of the charge made incident to the issuance of such insurance, any special favor or advantage or any monetary consideration or inducement whatever. The words: "charge made incident to the issuance of such insurance" shall be construed to encompass underwriting premium, agent's commission, abstracting charges, title examination fee, and closing charges; however, nothing herein contained shall preclude an abatement in an attorney's fee charged for services rendered incident to the issuance of such insurance.
[3] Rule 4-186.003(13)(a), Florida Administrative Code, provides:

(13) Unlawful Rebates or Abatement of Charges.
(a) No title insurer, title insurance agent or agency, including attorney agent, shall decrease the risk premium by an illegal rebate or abatement of charges for abstracting, examinations, or closing charges. At least actual cost must be charged for related title services in addition to the adopted risk premium.
[4] The Department and the Intervenors originally took the position that section 626.611(11) did not apply to title insurance. However, at the hearing, appellees abandoned that position.
[5] At the hearing, appellees contended that section 626.572 did not apply to title insurance because it was contained in Part I of Chapter 626 which pursuant to Section 627.776(2)(a) was not applicable to title insurance. They contend that any rebate or abatement of commission is unlawful as to title agents. However, the scope of Part I of Chapter 626 was expanded by the legislature to include title insurance agents. Section 626.8411(2) provides that the only portions of Part I of Chapter 626 that do not apply to title insurance agents are sections 626.112(8), 626.231, 626.331 and 626.592. Section 626.572 is not included in the list.
[6] Key Haven includes a sub-heading entitled "Facial Unconstitutionality of an Agency Rule." 427 So.2d at 157-158. The court's discussion under that heading, however, deals with agency rules that unconstitutionally implement a statute, and not with rules that implement an allegedly unconstitutional statute.
[7] The instant case is very similar to Dade County Consumer Advocate's Office, in which an action was brought challenging the constitutionality of sections 626.611(11) and 626.9541(1)(h)1, Florida Statutes (1983), which prohibit life insurance agents from negotiation with clients as to the amount of their commissions or offering to rebate portions thereof to clients. The supreme court held the statutes were unconstitutional limitations on bargaining power of the consumer public. The Dade County Consumer Advocate case demonstrates that the statutory issues raised are not merely an effort to circumvent administrative proceedings.