PER CURIAM.
Great House of Wine, Inc. [Great House][1] appeals from a Declaratory Statement issued on stipulated facts at its request by the Department of Business & Professional Regulation, Division of Alcoholic Beverages & Tobacco [Department], alleging that the regulatory statutes interpreted by the Department in the Statement on appeal, §§ 561.411, 564.02(3)(a), 565.03(2), Fla. Stat. (1997)(statutes setting minimum inventory, warehouse space, and licensing requirements for wine distributors arguably placing greater profit-margin burdens on small, independent distributors than those placed on larger distributors),[2] are unconstitutional on substantive due process and equal protection grounds as they are allegedly discriminatory statutes not rationally related to a legitimate state purpose. See Mizrahi v. North Miami Med. Ctr., 712 So.2d 826, 828 nn. 3, 4 (Fla. 3d DCA 1998)(analyzing the appropriate standard of review for constitutional challenges, as here, not involving statutory infringements on fundamental rights).
This case comes to us by way of appeal from an administrative agency where, understandably, these challenges were not raised before the Department in the Declaratory Statement request proceeding below because the constitutionality of the statutes could not be decided by the Department. See State ex rel. Atl. Coast Line R. Co. v. State Bd. of Equalizers, 84 Fla. 592, 94 So. 681 (1922)(executive branch cannot declare statutes unconstitutional); Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 435 (Fla. 3d DCA 1978)(“administrative agency is not generally the appropriate forum in which to consider questions of constitutional import”). Therefore, the record before us consists only of the written pleading filed by Great House containing certain stipulated facts, transmittal letters, and the order based on those stipulated facts entered by the Department. No eviden-tiary hearing was involved in this procedure. See § 120.565, Fla. Stat. (1997). Although we recognize that it is permissible for a district court of appeal to consider constitutional issues in such appeals where the record from the agency is sufficient for complete determination of the *730 issues raised, see Glendale Fed. Sav. & Loan Ass’n v. Florida Dep’t of Ins., 485 So.2d 1321, 1323 (Fla. 1st DCA 1986); Rice v. Department of H.R. S., 386 So.2d 844, 850 (Fla. 1st DCA 1980), this is not an appropriate case in which to do so. We find the record made before the Department inadequate to properly address the mixed questions of fact and law which must necessarily be resolved for complete consideration of the constitutional issues raised by Great House,[3] and, thus, decline to rule on them in this opinion. We accordingly affirm the Declaratory Statement on appeal,[4] but we do so without prejudice to the right of Great House to bring a declaratory judgment action in the Circuit Court of Monroe County in order to develop a complete record for review of the constitutional issues raised in this appeal. See State Employees Att’ys Guild, FPD, NUHHCE, AFSCME, AFL-CIO v. State, 653 So.2d 487 (Fla. 1st DCA 1995).
Affirmed.

. Great House is a relatively small licensed wine and beer distributor with its principal place of business in Monroe County, Florida. Its primary business is the importation and sale of premium wines to retailers throughout the state of Florida. Its officers reside and have professional practices in Monroe County; however, due to the increased costs of shipping products into and out of Monroe County, Great House desired to move its warehouse/distribution location to the mainland of Florida (Miami-Dade County) while keeping its "principal place of business/mailing address” in Monroe County.

. This basis for constitutional challenge to the statutory requirements is alleged hypothetically in Great House’s briefs before this Court. While we find it to raise some questions about the rationality and/or arbitrariness of the statutory requirements, we find no hard evidence (in the record made before the Department) to support the contentions. If available, such evidence, along with other evidence relating to advanced inventory control technology (also alluded to in the briefs but not submitted to the Department below, see infra note 3), would be quite valuable to a court considering the constitutional challenges raised herein for the first time.

. From the arguments raised before us, we have real doubts as to the legitimacy of the state interest to be served offered by the ap-pellee and amici in support of the statutes at issue here — the state's ‘'interest” in maintaining financially stable liquor distributorships to insure that Florida citizens will have a consistent supply of alcoholic beverages — as well as the rationality of the inventory and warehouse requirements of the statutes as related to that interest (even if legitimate), particularly in light of the advent of modern, high-speed communication and transportation technology improvements to business inventory control.

. Great House does not raise any point on appeal contesting either the legal or factual findings contained in the Declaratory Statement insofar as they interpret the- applicable statutes. The constitutionality of the statutes is the only point raised.