PER CURIAM.
N. Joseph Shamp (Appellant) appeals a final order of the State of Florida Board of Orthotists and Prosthetists (Appellee) finding Appellant ineligible for licensure pursuant to section 468.805, Florida Statutes (1997), and denying his application for Florida licensure. Appellant, who has more than 20 years’ out-of-state experience in the field of orthotics and prosthet-ics, moved to Florida to practice in 1996 and filed an application for Florida licen-sure in 1999. He argues that the provision in section 468.805(1) requiring 5 years of experience “in this state” in lieu of certain educational requirements violates substantive due process and the protections provided in the Privileges and Immunities Clause, the “dormant” Commerce Clause, and the Equal Protection Clause. At oral argument, Appellee asserted that the ap *1125 propriate avenue for Appellant to seek relief is a declaratory action in the circuit court addressing the statute’s constitutionality. See § 86.011, Florida Statutes (1997); Butler v. State, Dep’t of Insur., 680 So.2d 1103 (Fla. 1st DCA 1996). Given the paucity of the record, we affirm, without prejudice to Appellant’s right to seek any appropriate relief in the circuit court on the constitutional issues raised in this appeal. See Great House of Wine, Inc. v. Florida Dep’t of Business & Professional Regulation, 752 So.2d 728 (Fla. 3d DCA 2000).
AFFIRMED.
KAHN, BROWNING and LEWIS, JJ., concur.